CARA L. JENKINS (SBN: 271432)
  Legislative Counsel
BRIAN A. BOBB (SBN: 250594)
  Principal Deputy Legislative Counsel
BENJAMIN R. HERZBERGER (SBN: 298008)
  Deputy Legislative Counsel
Office of Legislative Counsel
925 L Street, Suite 900
Sacramento, California 95814
Telephone: (916) 341-8398
Facsimile: (916) 341-8290
Email: benjamin.herzberger@lc.ca.gov

Attorneys for California State Senate and State Assembly

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and individually; GUSTAVO GELASQUEZ in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; STATE LEGISLATURE; STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; SOUTHERN CALIFORNIA ASSOCIATION OF GOVERNMENTS; and DOES 1 THROUGH 15,<br><br>    Defendants. | Case No. 8:23-cv-00421-FWD (ADSx)<br><br>**OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY (ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Hearing date: None<br>Time: None<br>Courtroom: 10D (Honorable Judge Slaughter) |

1

OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY
(ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

Plaintiffs' application for a temporary restraining order ("TRO application") contains no request for relief that is relevant to the California State Senate or State Assembly ("Legislative Defendants").[1] (See TRO App. at p. 30.) However, if the application is seeking such relief against the Legislative Defendants, the Legislative Defendants oppose it. Legislative Defendants are not the proper parties to this lawsuit, which seeks to enjoin the enforcement of laws that executive agencies, not the Legislature, are charged with enforcing. There is no basis for relief against the Legislative Defendants that this Court can order.

## II. STATEMENT OF FACTS

Plaintiffs filed their complaint in this Court on March 9, 2023. The complaint seeks declaratory relief and an injunction barring the enforcement of various requirements of the Regional Housing Needs Allocation ("RHNA") laws, which are codified within Article 10.6 (commencing with Section 65580) of Chapter 3 of Division 1 of Title 7 of the Government Code. Among other things, Plaintiffs allege that the RHNA laws compel the Huntington Beach City Council to endorse and to vote in favor of developing high-density housing units within the City of Huntington Beach ("City"), and that the RHNA laws as applied to the City violate various provisions of the United States and California constitutions.

Plaintiffs filed the instant TRO application on March 14, 2023. The application seeks an order temporarily enjoining Defendants from "enforcing any of the fines or penalties enumerated within Cal. Gov. Code sections 65585 and 65589.5," because their enforcement may result, among other things, in a loss of the City's permitting authority, potential exposure to lawsuits and monetary penalties, and a loss of state funding. (TRO App. at p. 30.) Generally, Plaintiffs request an

---

[1] The California State Senate and the California State Assembly are separate legal entities (Cal. Const., Art. IV, §§ 1 and 2), and both parties hereby respond to Plaintiffs' TRO application.

2

OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY
(ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER

injunction preventing Defendants "from taking any enforcement or punitive action against the City for any claimed or alleged violations of the RHNA laws." (*Id.*)

Plaintiffs served the complaint and the TRO application on the State Assembly on March 15, 2023. The State Senate also accepted service of the complaint and the TRO application on March 17, 2023.

### III. <u>LEGAL STANDARD</u>

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that the "balance of equities tips in [their] favor"; and (4) that an "injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in the Ninth Circuit may consider the *Winter* factors on a sliding scale and grant an injunction where the plaintiff raises "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff" if "the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

### IV. <u>ARGUMENT</u>

Plaintiffs' TRO application does not satisfy the four-factor test stated in *Winter* with respect to the Legislative Defendants, and thus this application should be denied as to the Legislative Defendants. Fundamentally, Legislative Defendants are not proper parties to this lawsuit and not proper parties against whom injunctive relief can be granted for purposes of a temporary restraining order. Plaintiffs do not allege – nor could they – that Legislative Defendants have any role in enforcing the RHNA laws, including fines or penalties incurred pursuant to Sections 65585 and 65589.5 of

3

OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY
(ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER

the Government Code.  There is no activity on the part of the Legislative Defendants that can be enjoined, and no relief that can be provided to the Plaintiffs involving the Legislative Defendants.

  First, the Legislative Defendants are not the proper parties against whom relief from the RHNA laws can be granted.  California courts recognize that the California State Legislature is not a proper party in a lawsuit challenging the constitutionality of California statutes, since this interest can be wholly vindicated by the state officers charged with administering the statute.  *See Serrano v. Priest* 18 Cal.3d 728, 752 (1976) ("[I]t is the general and long-established rule that in actions for declaratory and injunctive relief challenging the constitutionality of state statutes, state officers with statewide administrative functions under the challenged statute are the proper parties defendant"); *see also Templo v. State* 24 Cal.App.5th 730, 737 (2018).  Indeed, the TRO application's request for relief (TRO, p. 30) and the complaint's request for relief (Complaint, pp. 55-58) do not identify any activity by the Legislative Defendants that this Court could enjoin.  Even if Plaintiffs were requesting this Court to order Legislative Defendants to take a specific action such as to vote to amend the RHNA laws – which Plaintiffs are not – such an order would violate the separation of powers doctrine grounded in Article III, Section 3, of the California Constitution.  *Schmidt v. Contra Costa County*, 693 F.3d 1122, 1138–39 (9th Cir. 2012).

  Second, granting the relief sought by the Plaintiffs, both in the instant TRO application and in the Plaintiff's complaint, would violate basic principles of legislative immunity.  Legislative immunity protects state legislators from civil liability when they are acting within the sphere of legitimate legislative activity.  Under California law, legislative immunity derives from the separation of powers doctrine stemming from Article III, Section 3, of the California Constitution.  *Id.*  Under federal law, legislative immunity stems from the protections against liability

4

OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY
(ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER

set forth in the speech or debate clause in Section 6 of Article I of the United States Constitution; the United States Supreme Court has also held that these protections extend to state legislators by virtue of federal common law. *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) ("Legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence but for the public good."). Thus, state legislators are entitled to "absolute common-law immunity against civil suits for their legislative acts," and this "[l]egislative immunity applies to actions for damages and for injunctive relief." *Schmidt, supra*, 693 F.3d at p. 1132; *Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 732–33 (1980). Nowhere in the TRO application or in the complaint have the Plaintiffs alleged that the Legislative Defendants took any action except that which was in the sphere of their legitimate legislative activity, i.e., enacting the RHNA laws.

Third, and finally, the Eleventh Amendment bars suits in federal court for damages or injunctive relief against the State. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013). Neither the complaint nor the TRO application contain an allegation or a theory of liability that would circumvent Legislative Defendants' Eleventh Amendment immunity.

For the above reasons, no component of the four-part test stated in *Winter* is satisfied with respect to the Legislative Defendants. *See Winter, supra*, 555 U.S. at p. 20. Plaintiffs are unlikely to succeed on the merits of their complaint against the Legislative Defendants because they are not proper parties to this lawsuit. No harm will result in the absence of preliminary relief because there is no relief applicable to the Legislative Defendants that this Court can provide. Finally, the balance of equities does not tip in Plaintiffs' favor and an injunction is not in the public interest, because the Legislature has no role in enforcing or otherwise administering the

5

OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY
(ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER

RHNA laws that are the subject of Plaintiffs' complaint.  Plaintiffs' claims can be wholly addressed without the presence of Legislative Defendants in this lawsuit.

## V. CONCLUSION

For the above reasons, Plaintiffs' application for a temporary restraining order should be denied as to the Legislative Defendants.

Dated: March 20, 2023                    Respectfully submitted,

CARA L. JENKINS
Legislative Counsel


 /s/   Benjamin  R.  Herzberger
BENJAMIN R. HERZBERGER
Deputy Legislative Counsel

6

OPPOSITION BY CALIFORNIA STATE SENATE AND STATE ASSEMBLY
(ERRONEOUSLY SUED AS THE STATE LEGISLATURE) TO PLAINTIFFS'
APPLICATION FOR A TEMPORARY RESTRAINING ORDER