_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00421-FWS-ADS         Date: March 21, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                  Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER [10]**

    Before the court is an Application for Temporary Restraining Order ("Application" or "App.") filed by Plaintiffs City of Huntington Beach, Tony Strickland, the Huntington Beach City Council, and Gracey Van Der Mark (collectively, "Plaintiffs"). (Dkt. 10.) The Application is supported by the declarations of Mayor of Huntington Beach Tony Strickland ("Strickland Decl."), Mayor Pro Tem Gracey Van Der Mark ("Van Der Mark Decl."), and Plaintiffs' counsel Michael E. Gates ("Gates Decl."). (*Id.*) In the Application, Plaintiffs seek injunctive relief prohibiting Defendants Gavin Newsom, Gustavo Velasquez, the California State Legislature, the California Department of Housing and Community Development, the Southern California Association of Governments, and Does 1 through 50 (collectively, "Defendants") from enforcing or penalizing the City of Huntington Beach under California Government Code Sections 65585 and 65589.5. (*See generally* App.) On March 20, 2023, Defendants filed Oppositions to the Application. (Dkts. 29, 31, 33.)

    The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Application.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: March 21, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

### I.   Legal Standard

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

A plaintiff seeking a preliminary injunction must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that the "balance of equities tips in h[er] favor"; and (4) that an "injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in the Ninth Circuit may consider the *Winter* factors on a sliding scale and grant an injunction where the plaintiff raises "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff" if "the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011); *id.* at 1132 (noting the latter two showings are "the other two elements of the *Winter* test").

When considering a motion for preliminary injunction, "[t]he weight to be given each of these statements is in the discretion of the trial court." *Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see also Bracco v. Lackner*, 462 F. Supp. 436, 442 (N.D. Cal. 1978) (when considering affidavits submitted in support of a TRO or preliminary injunction, "[t]he weight to be given such evidence is a matter for the Court's discretion, upon consideration of the competence, personal knowledge and credibility of the affiant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS                                                    Date: March 21, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

## II.     Summary of Relevant Evidence and Background[1]

The dispute concerns the enforcement of California's Housing Accountability Act, Cal. Gov. Code § 65585, *et seq*. and its provisions mandating building new housing units. According to Plaintiffs, "the State requires that jurisdictions conduct a regional housing needs assessment, which in part attempts to determine the future housing needs of a jurisdiction during a planning cycle." (App. at 11.) Additionally, "[i]f a local government fails to submit a compliant Housing Element within the required timeframe or is found to be noncompliant with . . . requirements, it can face significant penalties." (*Id.* at 12.)

Plaintiffs state their planning staff "has been working with the State's Housing Department and [Regional Housing Needs Allocation] Laws enforcement agency . . . for months" and "will be presenting a proposed update to the City's Housing Element" at an upcoming meeting of the Huntington Beach City Council set for March 21, 2023. (Dkt. 10-2 ("Strickland Decl.") ¶ 5.) At the March 21, 2023, meeting, planning staff will "present a proposed Housing Element update that . . . includes [the State's] mandated quota of 13,368 high density housing for this Planning Cycle." (*Id.*)

Plaintiffs argue Defendants' laws will force City Council members to make certain statements, findings, and vote in favor of building high-density housing units at the March 21, 2023, meeting. (App. at 8; *see also* Strickland Decl. ¶ 8 ("I have no discretion, no voice, no freedom of choice, and no other options but to vote in favor of this proposed updated Housing Element (and against my conscience and good judgment) that necessarily includes the 13,368 high density development mandated by the State."); Van Der Mark Decl. ¶ 8 (same).) Plaintiffs argue this meeting constitutes compelled speech that violates their First Amendment rights. (Strickland Decl. ¶¶ 7-9; *see also* Van Der Mark Decl. ¶¶ 7-9.)

---

[1] The court has reviewed all the evidence, including the Strickland Declaration, Van Der Mark Declaration, and Gates Declaration, but provides a summary for purposes of this ruling.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: March 21, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

Plaintiffs now seek a TRO to restrain Defendants from enforcing the fines and penalties associated with failure to comply with California Government Code Sections 65585 and 65589.5. (*See* Dkt. 10-4 (Proposed Order).)

### III.  Discussion

#### a.  *Ex Parte* Relief Is Not Warranted Here

As a threshold matter, the circumstances presented in the Application do not warrant *ex parte* relief. *Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). *See also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
>
> . . .
>
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

---

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: March 21, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

*Horne*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013).

The *Horne* court also reiterated the dangers of *ex parte* applications:

[E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

These requirements are not sufficiently met here. First, as to irreparable prejudice if the Application is heard according to regular noticed procedures, Plaintiffs state that these issues will be decided at the City Council's March 21, 2023, meeting. (*See generally* App.) However, Plaintiffs do not sufficiently explain why this meeting date, which Plaintiffs appear to have known about for some time, necessitates emergency relief or why the Application could not be heard according to regular noticed procedures. (App. at 8) (describing the meeting as a "regular, publicly held, City Council Meeting"); *id*. (describing the proposed update that will be discussed at the meeting as one that has been worked on for "months").) Moreover, the Application seeks to prohibit Defendants from taking enforcement or punitive actions against Plaintiffs. (*See generally* App.) However, the court observes insufficient evidence in the record of any imminent fines or penalties. (*Id*.) Because the relief sought appears to be a purely preventative measure, the court finds that Plaintiffs have not sufficiently demonstrated the existence of a crisis justifying emergency relief.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS                                  Date: March 21, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

___

Second, as for whether Plaintiffs are without fault or the crisis occurred from excusable neglect, Plaintiffs indicate that their planning staff "has been working with the State's Housing Department and RHNA Laws enforcement agency . . . for *months*" in advance of the City Council meeting on March 21, 2023. (Strickland Decl. ¶ 5) (emphasis added). Accordingly, because Plaintiffs have had knowledge of this dispute for several months but did not act until the eleventh hour, the court concludes that Plaintiffs are not without fault in creating the crisis. (App. at 8-11.)

Accordingly, the court finds Plaintiffs have not sufficiently demonstrated that they will be irreparably prejudiced if the Application is heard according to regular noticed procedures or that Plaintiffs are without fault in creating the crisis. *Mission Power*, 883 F. Supp. at 492-93. The court thus concludes Plaintiffs have not sufficiently met the requirements for *ex parte* relief. Therefore, the Application is **DENIED**. Moreover, the court finds that even if Plaintiffs had met the requirements for *ex parte* relief, Plaintiffs have not adequately met the substantive requirements for a TRO.

      **b. A TRO Is Not Warranted Here**

The court looks to each of the four *Winter* factors to determine whether Plaintiffs have met their burden as the moving party. A plaintiff seeking a TRO or preliminary injunction must show (1) she is "likely to succeed on the merits"; (2) she is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that the "balance of equities tips in h[er] favor"; and (4) that an "injunction is in the public interest." *Winter*, 555 U.S. at 20.

           **i. Likelihood of Success on the Merits**

"Likelihood of success on the merits is the most important *Winter* factor" such that "the court need not consider the other factors, in the absence of serious questions going to the merits." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks and citations omitted). Where the movant succeeds in making that showing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS                                                                 Date: March 21, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

the burden then shifts to the non-movant to demonstrate a likelihood that an available affirmative defense will succeed.  *Id.*

Here, the Complaint asserts eleven causes of action: (1) violation of the First Amendment of the U.S. Constitution based on compelled speech; (2) violation of the Fourteenth Amendment of the U.S. Constitution based on lack of procedural due process; (3) violation of the Fourteenth Amendment of the U.S. Constitution based on lack of substantive due process; (4) violation of the Commerce Clause of the U.S. Constitution; (5) violation of Article XI of the California Constitution (charter city authority); (6) violation of the California Government Code § 65583, *et seq.* (regional housing needs allocation laws); (7) violation of the California Constitution (separation of powers); (8) violation of Article I, Section 10 of the California Constitution (illegal bill of attainder); (9) violation of the California Environmental Quality Act, Public Resources Code § 21000, *et seq.*; (10) violation of Article IV, Section 16 of the California Constitution (special statute); and (11) fraud.  (Dkt. 1.)  The court briefly reviews the elements of each cause of action.

Under the first cause of action, "[t]he First Amendment prohibits Congress and other government entities and actors from 'abridging the freedom of speech."  *Matal v. Tam*, 582 U.S. 218, 234 (2017).  "The government may not discriminate against speech based on the idea or opinions it conveys."  *Iancu v. Brunetti*, 139 S. Ct. 2294, 2299 (2019).

Under the second cause of action, the Due Process Clause of the Fourteenth Amendment protects against the deprivation of "life, liberty, or property without due process of law."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a Fourteenth Amendment procedural due process claim, a plaintiff must allege he was deprived of a constitutionally protected liberty or property interest without due process.  *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022).

Under the third cause of action, substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them."  *Daniels v. Williams*, 474 U.S. 327, 331 (1986).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: March 21, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

Under the fourth cause of action, the Commerce Clause forbids a state from regulating commerce "that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State." *Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989) (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 642-43 (1982)).

Under the fifth cause of action, Article XI of the California Constitution provides that a charter city "may make and enforce all ordinances and regulations in respect to municipal affairs, subject only to restrictions and limitations provided in their several charters and in respect to other matters they shall be subject to general laws." Cal. Const. Art. XI, § 5(a). "City charters adopted pursuant to this Constitution shall supersede any existing charter, and with respect to municipal affairs shall supersede all laws inconsistent therewith." *Id*.

Under the sixth cause of action, under California Government Code § 65583, *et seq.*, the California Department of Housing and Community Development "shall determine the existing and projected need for housing for each region pursuant to this article" to further objectives such as "[i]ncreasing the housing supply and the mix of housing types, tenure, and affordability." *Id.* § 65584(a)-(d).

Under the seventh cause of action, separation of powers reflects the principle that "[o]ur Federal Constitution and state Constitutions of this country divide the governmental power into three branches." *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 406 (1928). "The first is the legislative, the second is the executive, and the third is the judicial." (*Id.*)

Under the eighth cause of action, under Article I, Section 10 of the California Constitution provides that, "[w]itnesses may not be unreasonably detained" and "[a] person may not be imprisoned in a civil action for debt or tort, or in peacetime for a militia fine." Cal. Const. Art. I, § 10.

Under the ninth cause of action, under the California Environmental Quality Act, Public Resources Code § 21000, *et seq.*, "once an environmental impact has been declared to be 'significant,'. . . the agency is required to find that sufficient mitigation measures have been taken to lessen the project's impact." *City of Carmel-By-The-Sea v. U.S. Dep't of Transp.*, 123

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: March 21, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

F.3d 1142, 1164 (9th Cir. 1997). "If the agency finds that alternatives or mitigation measures are not feasible, the agency must adopt a statement of overriding considerations which states the specific reasons why 'the project's benefit outweighs the unmitigated effects.'" *Id*. (citing Cal. Pub. Res. Code, §§ 21002, 21002.1, 21081).

Under the tenth cause of action, under Article IV, Section 16 of the California Constitution, "[a] local or special statute is invalid in any case if a general statute can be made applicable." Cal. Const. Art. IV, § 16.

Under the eleventh cause of action, "[u]nder California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citation omitted).

In this case, the court finds Plaintiffs have not adequately established a likelihood of success on the merits for each of the eleven causes of action in the Complaint. (*See generally* App.) Although Plaintiffs have submitted three declarations in support of the Application, the court finds that each declaration appears to repeat the allegations of the Complaint rather than asserting facts that demonstrate a likelihood of success on the merits. *See, e.g., Murphy v. U.S. Bank Nat'l Ass'n*, 2019 WL 1777294, at *4 (C.D. Cal. Apr. 23, 2019) ("[C]onclusory affidavits are far from sufficient to show a likelihood of success on the merits.").

Moreover, the court observes that Plaintiffs' claims raise several threshold questions as to whether the court may reach the merits of these claims. The court does not make any findings regarding these threshold questions in this Order. Instead, the court raises these threshold questions as relevant considerations that weigh against Plaintiffs' likelihood of success on the merits.

First, the court observes that this action was filed on March 9, 2023, but another action filed on March 8, 2023, in Orange County Superior Court may involve substantially the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS                                          Date: March 21, 2023

Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

issues and the same parties.[2] (*See People v. City of Huntington Beach*, Case No. 30-2023-01312235-CU-WM-CJC, Orange County Superior Court). The court observes that the simultaneous prosecution of both actions may implicate an abstention doctrine. *See, e.g., City of Tucson v. U.S. W. Commc'ns., Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976) (under *Burford* abstention, a district court may abstain from exercising jurisdiction if either "the case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or if decisions in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'"). (*See also* Dkt. 33 at 5-6 (arguing for the application of a different abstention doctrine).)

Second, the court observes that there may be some dispute as to whether municipal entities or municipal employees may assert First Amendment rights such as those at issue in this case. *See, e.g., Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); *Columbia Broad. Sys., Inc. v. Democratic Nat. Comm.*, 412 U.S. 94, 140, n.7 (1973) (Stewart, J., concurring) ("Government is not restrained by the First Amendment from controlling its own expression. . . As Professor Thomas Emerson has written, 'The purpose of the First Amendment is to protect private expression and nothing in the guarantee precludes the government from controlling its own expression or that of its agents.'"). (*See also* Dkt. 31 at 7-9 (arguing that Plaintiffs lack standing because municipal governments do not have federal constitutional rights that can be asserted against state governments); Dkt. 33 at 4 (same).)

---

[2] The Ninth Circuit "has recognized public records, including judgments and other court documents, as proper subjects of judicial notice." *Guzetta v. Ford Motor Co.*, 2022 WL 1044173, at *2 (C.D. Cal. Apr. 5, 2022) (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)).

---

**CIVIL MINUTES – GENERAL**                                                                       10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS  Date: March 21, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

Third, it is not clear that all of the Defendants are proper parties against whom relief from enforcement of the Regional Housing Needs Allocation laws can be sought. For example, Defendants California State Senate and California State Assembly argue that they are not the state officers charged with enforcing the laws at issue and are not properly named as parties in this suit. (*See* Dkt. 29 at 4.)

Fourth, the court observes that the claims asserted in the Complaint and Defendants named in the action may implicate various immunity doctrines. For example, Defendants California State Senate and California State Assembly argue that legislative immunity bars suits against state legislators arising out of legislative functions and the Eleventh Amendment bars suits in federal court that seek damages or injunctive relief against a state. (*See* Dkt. 29 at 4-6.)

Fifth, the court observes that it is disputed whether Plaintiffs have standing to bring this action. (*See, e.g.*, Dkt. 31 at 1-2) (raising standing challenges). *See City of S. Lake Tahoe v. California Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233 (9th Cir. 1980) ("Standing is a necessary element of federal-court jurisdiction . . . It is well established that (p)olitical subdivisions of a state may not challenge the validity of a state statute under the Fourteenth Amendment."); *id*. at 237 ("[T]he councilmembers assert that their personal dilemmas generate standing . . . however . . . a litigant's standing cannot be based on the generalized interest of all citizens in constitutional governance.") (citation omitted); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1362 (9th Cir. 1998) ("[A] political subdivision of a state lacks standing under federal law to challenge the constitutionality of a state statute.").

Given these substantial questions implicating the merits of Plaintiffs' claims, the court concludes that Plaintiffs have not adequately met their burden as to the first *Winter* factor and thus a TRO is not warranted in this matter. *Disney*, 869 F.3d at 856. Moreover, based on the state of the record, the court finds that Plaintiffs have not met their burden as to establishing a likelihood of success as to each of the claims in the Complaint. *Winter*, 555 U.S. at 20 (the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS                                                  Date: March 21, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

### ii. Irreparable Harm, Balance of the Equities, and Public Interest Concerns

Though the court need not address the remaining factors—irreparable harm, balance of the equities, and public interest—these factors also weigh against Plaintiffs.

It is not enough that the claimed harm be irreparable; it must be imminent as well. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."). "[E]stablishing a threat of irreparable harm in the indefinite future is not enough." *Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 Fed. App'x. 676, 679 (9th Cir. Oct. 31, 2011) (Unpub. Disp.). In this case, Plaintiffs have not sufficiently established the second *Winter* factor of irreparable harm. As discussed above, given that there is insufficient evidence in the record of any imminent fines, penalties, or other punitive measures against Plaintiffs, the court finds Plaintiffs have not adequately demonstrated that they will suffer "immediate threatened injury." *Caribbean Marine*, 844 F.2d at 674.

Courts must also "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. "The public interest inquiry primarily addresses impact on non-parties rather than parties." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014) (citation omitted). As for the third and fourth *Winter* factors, Plaintiffs do not adequately address these factors in the Application, making it difficult for the court to evaluate the potential effects of granting relief on the parties and non-parties. (*See*, *e.g.*, App. at 28-29 (arguing that the third and fourth *Winter* factors support granting a TRO because "Plaintiff(s) will suffer irreparable harm if it continues to oppose HCD's RHNA Units allocated to the City" and the "citizens of the City would be greatly harmed if the City lost its permitting authority"). In the absence of a particularized showing demonstrating that the balance of the equities and the public interest weigh in favor of a TRO, the court concludes that these factors weigh against disrupting the status quo.

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: March 21, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

On balance, the court concludes that all four *Winter* factors weigh against granting a TRO. *See Disney*, 869 F.3d at 856. Therefore, because Plaintiffs have not adequately met the requirements for a TRO or *ex parte* relief, the Application is **DENIED**.

### III.    Disposition

For the reasons set forth above, the court **DENIES** the Application.

Initials of Deputy Clerk:  mku