Rob Bonta
Attorney General of California
Daniel A. Olivas
Senior Assistant Attorney General
David Pai, Bar No. 227058
Supervising Deputy Attorney General
Matthew Struhar, Bar No. 293973
Thomas Kinzinger, Bar No. 323889
Deputy Attorneys General
  1300 I Street, 15th Floor
  Sacramento, CA 95814
  Telephone: (916) 210-7246
  Fax: (916) 731-2121
  E-mail:  Matthew.Struhar@doj.ca.gov
            Thomas.Kinzinger@doj.ca.gov

*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of the State of California, and individually; Gustavo Velasquez, in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; and the California Department of Housing and Community Development*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK,**<br><br>                        Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as Governor of the State of** | 8:23-cv-00421-FWS-ADS<br><br>**[PROPOSED] ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date:         July 27, 2023<br>Time:        10:00 a.m.<br>Courtroom: 10D<br>Judge:       The Honorable Fred W. Slaughter<br><br>Trial Date:   None Set<br>Action Filed: 3/09/2023 |

| | |
|---|---|
| 1 | California, and individually; |
| 2 | GUSTAVO VELASQUEZ in his official capacity as Director of the |
| 3 | State of California Department of |
| 4 | Housing and Community Development, and individually; |
| 5 | STATE LEGISLATURE; STATE OF |
| 6 | CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY |
| 7 | DEVELOPMENT; SOUTHERN |
| 8 | CALIFORNIA ASSOCIATION OF GOVERNMENTS; and DOES 1-50, |
| 9 | inclusive, |
| 10 |                             Defendants. |

Having considered the Motion to Dismiss, the Request for Judicial Notice, and the exhibits attached thereto filed by Defendants Governor Gavin Newsom, Director Gustavo Velasquez, and the California Department of Housing and Community Developments (the "State Defendants"), and having considered all other documents on file in this action, and for good cause shown, the Court hereby GRANTS the State Defendant's Request for Judicial Notice and GRANTS the State Defendants' Motion to Dismiss.

Plaintiff City of Huntington Beach does not have standing to sue the State Defendants in federal court. *City of S. Lake Tahoe v. California Tahoe Reg'l Plan. Agency,* 625 F.2d 231, 233–34 (9th Cir. 1980). Plaintiffs Huntington Beach City Council, Mayor of Huntington Beach Tony Strickland, and Mayor Pro Tem of Huntington Beach Gracey van der Mark do not assert interests separate from the City itself, and thus also lack standing. *Id.* at 237. This Court lacks subject matter jurisdiction over this case and, therefore, must dismiss all of Plaintiffs' claims. *Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).

Separately, the Court finds that it should abstain from hearing Plaintiffs' claims under the doctrine of *Younger v. Harris*. Specifically, factually-related state court proceedings are (1) ongoing; (2) implicate important state interests; and (3) provide adequate opportunity for Plaintiffs to raise their federal claims in this case as defenses. *Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). In addition, *Younger* abstention is appropriate because Plaintiffs' requested relief would have the practical effect of enjoining ongoing state court proceedings. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

The Court also finds that the Eleventh Amendment bars Plaintiffs from bringing their claims based on alleged violations of state law against the State Defendants in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). In addition, Defendants Governor Gavin Newsom and the

California Department of Housing and Community Development are immune from suit on *any* claim, state or federal, brought in this Court. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013); *City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1280 (9th Cir. 2019).

The Court also finds that, even if Plaintiffs' claims were justiciable before it, those claims would fail on the merits:

- Plaintiffs have not alleged a viable First Amendment claim because California's housing laws do not burden or compel protected speech and because legislators do not have a protectable First Amendment interest in casting votes. *Nevada Comm'n on Ethics v. Carrigan*, 564 U.S. 117 (2011).
- Plaintiffs have not alleged a viable procedural due process claim under the Fourteenth Amendment because they have not alleged a private liberty or property interest and cannot allege that adequate procedural protections were denied to them during the Regional Housing Needs Allocation process. *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1082–83 (9th Cir. 2010); *City of Los Angeles v. David,* 538 U.S. 715, 716 (2003).
- Plaintiffs have not alleged a viable substantive due process claim under the Fourteenth Amendment because control over zoning is not a protected fundamental liberty interest and because Plaintiffs have not alleged any facts that would support scrutiny of California's housing laws beyond "rational basis." *Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018).
- Plaintiffs have not alleged a viable dormant Commerce Clause claim because California's housing laws do not regulate, discriminate against, or excessively burden interstate commerce. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012).

Finally, the Court finds that, even if it possessed subject matter jurisdiction over the state claims and those claims were not also barred by the Eleventh

1  Amendment, this Court would decline to exercise jurisdiction over the state claims
2  because they predominate over the federal claims in this case and the exercise of
3  jurisdiction over Plaintiffs' declaratory relief claims is not warranted. 28 U.S.C. §
4  1367(c)(2); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998)
5  (en banc).
6      For these reasons, the Court HEREBY ORDERS that the State Defendants'
7  Motion to Dismiss is GRANTED in its entirety.

9  Dated: _____   _____
10                                            Hon. Fred W. Slaughter
                                          United States District Judge