MICHAEL E. GATES, City Attorney (SBN 258446)
NADIN S. SAID, Senior Deputy City Attorney (SBN 309802)
Office of the City Attorney
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
(714) 536-5555
Email: Michael.Gates@surfcity-hb.org
Email: Nadin.Said@surfcity-hb.org

Attorneys for Plaintiffs
CITY OF HUNTINGTON BEACH, HUNTINGTON
BEACH CITY COUNCIL, MAYOR TONY STRICKLAND
and MAYOR PRO TEM GRACEY VAN DER MARK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and individually; GUSTAVO VELASQUEZ in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; STATE LEGISLATURE; STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; SOUTHERN | CASE NO. 8:23-CV-00421-FWD-ADSx<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: June 22, 2023<br>Time: 9:00 a.m.<br>Courtroom: 10D |

1

**JOINT RULE 26(f) REPORT**

| | |
|---|---|
| 1<br>2<br>3 | CALIFORNIA ASSOCIATION OF GOVERNMENTS; and DOES 1-50, inclusive,<br>　　　　　Defendants. |

Pursuant to Federal Rule of Civil Procedure 26(f), CACD LR-26-1, and the Order Setting Rule 26(f) Scheduling Conference (Dkt. No. 47), Plaintiffs City of Huntington Beach *et al.* ("Plaintiffs"), Defendants Gavin Newsom, Gustavo Velasquez, and the State of California Department of Housing and Community Development (the "State Defendants"), and Defendant Southern California Association of Governments ("SCAG") (Plaintiffs, the State Defendants, and SCAG, collectively, the "Parties") submit this Joint Rule 26(f) Report for the Court's consideration for the Rule 26(f) Scheduling Conference set for June 22, 2023.

A.　**Statement of the Case**

**Plaintiffs' Statement:**

　　Plaintiffs' lawsuit arises from violations of the U.S. Constitution, the California Constitution, and State Statutes whereby the Governor, the Director, HCD, SCAG, and other Defendants have unconstitutionally commandeered the autonomy and Charter City authority of the City of Huntington Beach ("City") and are forcing the City Council to adopt findings contrary to the evidence and City Council direction in direct violation of the First Amendment of the U.S. Constitution.

　　According to the Governor and Director of HCD, State Housing and RHNA Laws require the City Council to vote in a very certain, State-mandated, pre-ordained way, to adopt a Housing Element with a State-mandate of 13,368 units of high-density RHNA units.  In doing so, the Governor and Director of HCD are ordering the City Council to make certain findings, contrary to the evidence in violation of the California Environmental Quality Act (CEQA).  The Governor and Director of HCD are requiring that the City Council make *very certain, State-*

*mandated, pre-ordained* findings (speech) that the creation of 13,368 RHNA units of high-density housing by redeveloping already-developed areas of the City outweighs the known substantial negative impacts to the City's environment. In this case, the "Project" that triggers CEQA is the City's required amendment to its Housing Element. As part of the CEQA process, it was determined that the Housing Element amendment necessitated an Environmental Impact Report which impart outlines and informs the public of the environmental impacts associated with the Project. In this case, because some of the substantial impacts cannot be mitigated, CEQA requires that the City Council adopt a "Statement of Overriding Considerations" ("SOC") before the Project (Housing Element update) can move forward. The SOC must justify, as a matter of environmental impact, that the benefits of the Project (the massive State-mandated increase in high-density housing in the City) outweigh the negative environmental impacts. The City Council cannot make these findings and are being sued by the State as a result of having not made State compelled findings.

      The RHNA Laws, which force cities to create high-density development, *compel* the City Council to arrive at a "fixed" conclusion in favor of high-density housing in the City regardless of the City Council's consideration, through public hearings, of a SOC. Moreover, the State's recent Housing and RHNA Laws impede on City's independent legislative authority and claim to prevent judicial review[1] of the HCD administrative rulings, which violates constitutional principles of Separation of Powers and Procedural and Substantive Due Process afforded by the U.S. Constitution and the California Constitution.

      Finally, in 2022, the State's Independent Auditor determined that the State's/HCD's 2021 calculations created using flawed RHNA Laws, were erroneous, concluding in part: "HCD could not demonstrate that it adequately

---

[1] The State Legislature amended the RHNA process to *eliminate* **judicial review** when it amended Section 65584(c)(4) in 2004.

considered all of the factors that state law requires"[2]

In sum, the RHNA Laws are unconstitutionally vague and ambiguous (at best) and create a flawed process that mandates that the City of Huntington Beach zone for of 13,368 RHNA Units. The RHNA Laws violate the U.S. Constitution, the California Constitution, and Federal and State law.

**State Defendants' Statement:**

The disagreement between State Defendants and Plaintiffs involve purely legal issues. The State Defendants contend that Plaintiffs lack standing to pursue these claims as a matter of law. "A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator." *Williams v. Mayor & City Council of Baltimore*, 289 U.S. 36, 40 (1933). Likewise, State Defendants believe that this Court should invoke *Younger* abstention to avoid interfering with an ongoing enforcement action against Plaintiff City of Huntington Beach for violating state housing law. State Defendants further assert that the Eleventh Amendment bars Plaintiffs from litigating state law claims in federal court. That state law precludes Plaintiffs from challenging their regional housing needs assessment also necessarily means that they have no fraud claim under state law. Finally, even assuming Plaintiffs had enforceable federal constitutional rights against the State Defendants (which they do not), State Defendants contend that the state laws and actions to which Plaintiffs object do not violate those rights at all.

**SCAG's Statement:**

This action concerns Plaintiffs' meritless constitutional and state law challenges to statewide legislation commonly known as the Regional Housing Needs Allocation, codified at Government Code section 65585 et seq. ("RHNA

---

[2] Online: California City News, "*Auditor Rips Housing Department Over Flawed RHNA Process*," April 2022, https://www.californiacitynews.org/2022/04/ state-auditor-rips-housing-department-over-flawed-rhna-process.html

Laws"). The RHNA Laws were expressly adopted to require the accommodation of, and ultimately foster development of, fair share housing throughout California. Plaintiffs name as defendants both the State Defendants, which are charged with setting the fair share number of housing units (known as the "regional determination") and administering enforcement of a timely and compliant housing element, and SCAG, the government entity statutorily charged with allocating the regional determination of housing units among SCAG's 197 constituent jurisdictions located throughout the counties of Ventura, Los Angeles, Riverside, San Bernardino, Orange and Imperial. The RHNA Laws in question require all cities and counties in California to review and update the housing elements contained in their respective general plans during a periodic cycle in order to accommodate and comply with the RHNA housing units they are assigned. In 2021, the City of Huntington Beach was allocated RHNA Units pursuant to this process and was required to update its housing element by late October 2021. Plaintiffs failed to do so and instead brought suit two years later – which was the day after Plaintiffs were sued by the California Attorney General in the Superior Court for Orange County in connection with their failure to comply with the various provisions of the RHNA Laws.

Plaintiffs' claims challenging the RHNA Laws are legally deficient, including on the basis that the Court lacks subject matter jurisdiction to hear this case. As explained in SCAG's pending Motion to Dismiss, it is well-established that Plaintiffs lack standing to challenge state statutes – such as the RHNA Laws at issue here – because political subdivisions of a state are categorically precluded from challenging state laws on federal constitutional grounds. And, even if Plaintiffs had standing to bring federal constitutional claims – and to be clear, they do not – Plaintiffs' state and federal claims lack merit, as they do not come close to meeting the requisite threshold to state a claim under Rule 12(b)(6).

/ / /

1  In sum, Plaintiffs lack standing to bring their claims in federal court, and Plaintiffs nevertheless fail to state any colorable claims.

**B.  Subject Matter Jurisdiction:**

**Plaintiffs' Position:**

28 U.S.C. 1331, as Plaintiffs allege Defendants have committed substantial deprivation of rights under the U.S. Constitution and Defendants have deprived Plaintiffs of First Amendment rights, Constitutional rights of Procedural and Substantive Due Process, and Defendants have violated the Commerce Clause of the U.S. Constitution.  Accordingly, this Court has federal question jurisdiction under 28 U.S.C. Sections 1331 and 1343.  This Court has authority to award the requested Declaratory Relief under 28 U.S.C. § 2201; and the requested Injunctive Relief and damages under 28 U.S.C. § 1343(a).

**State Defendants' Position:**

State Defendants contend that this Court lacks subject matter jurisdiction over this dispute because Plaintiffs, in their official capacity, have no federally protected constitutional rights that they may enforce against the State Defendants in federal court. Furthermore, the Eleventh Amendment bars this Court from considering Plaintiffs' state law claims.

**SCAG's Position:**

As thoroughly explained in SCAG's pending Motion to Dismiss, the Court does not possess federal subject matter jurisdiction to hear this case, as Plaintiffs lack standing to bring their federal challenges to the RHNA Laws. *City of South Lake Tahoe v. California Tahoe Reg'l Plan. Agency,* 625 F.2d 231, 233 (9th Cir. 1980).  This is because charter cities, as political subdivisions of the state, cannot assert violations of federal constitutional rights against the state, including another political subdivision such as SCAG. *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).  Standing is a jurisdictional requirement that cannot be waived. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d

1260, 1264 (9th Cir. 1999).

### C. Legal Issues:

**Plaintiffs' Position:**

This case is about whether certain RHNA Laws, along with CEQA, and in addition to actions of the individual Defendants, Governor Newsom and HCD Director Gustavo Velasquez violate the U.S. Constitution, including the First and Fourteenth Amendments, Separation of Powers, Bill of Attainder, and the Commerce Clause. This case also concerns certain RHNA Laws, along with CEQA, and in addition to actions of the Defendants, violate the California Constitution under Article XI, pursuant to the City's Charter City and Municipal Corporation status, and Article IV, for Special Statute. This case challenges certain RHNA Laws, in addition to actions of the Defendants, as having violated the State's CEQA laws. Finally, it challenges actions by certain State actors, like Governor Newsom and the Director of HCD, as having committed fraud by making false statements/narratives/basis for their housing agenda. This as a result causes SCAG and cities like the City of Huntington Beach to take certain actions based on those false statements to implement high-density housing plans in certain areas of the State.

**State Defendants' Position:**

State Defendants contend that Plaintiffs lack standing to assert federal constitutional challenges against the State Defendants, and that this Court lacks jurisdiction to consider Plaintiffs' state law claims against the State Defendants. Likewise, for the reasons explained in SCAG's below statement, the issues involve questions of law that can be resolved on the pleadings.

**SCAG's Position:**

As explained above, this Court lacks subject matter jurisdiction.

But, even if the Court had jurisdiction, the issues in this case boil down to questions of law that the Court can resolve on the pleadings. This is because

Plaintiffs challenge the RHNA Laws and thereby seek a declaration invalidating, and an order enjoining, at least sixteen separate sections of the Government Code, some of which are at least forty years old. This challenge is premised on deficient constitutional and state law claims, including asserted violations of: (i) the federal constitution, including the First Amendment, Fourteenth Amendment, and the Commerce Clause, (ii) the California Constitution, including Articles I, IV, and XI, and (iii) state law, including CEQA and the RHNA Laws. Also, and separately, Plaintiffs include a fraud claim against SCAG and the State Defendants.

None of Plaintiffs' allegations rise to the level of a cognizable claim and the Court should dismiss Plaintiffs' First Amended Complaint without leave to amend.

### D. Damages:

**Plaintiffs' Position:**

Injunctive and declaratory relief, attorney fees, costs, and any other relief whether monetary or declaratory/injunctive in nature that is deemed appropriate.

**State Defendants' Position:**

Plaintiffs are not entitled to any relief and have no claim for damages against the State Defendants by virtue of the Eleventh Amendment and other immunity doctrines.

**SCAG's Position:**

SCAG denies Plaintiffs' entitlement to any relief, including damages, under any of their asserted claims.

### E. Parties and Evidence:

**Parties:**

Plaintiffs, the City of Huntington Beach, the City Council, the Mayor Tony Strickland, the Mayor Pro Tem Gracey Van Der Mark, and

/ / /

Defendants Governor Gavin Newsom, Director of HCD Gustavo Velasquez, the Southern California Association of Governments (SCAG), and the State's Department of Housing & Community Development.

**Plaintiffs' Percipient Witnesses:**

1. Mayor of Huntington Beach, Tony Strickland
2. Mayor Pro Tem of Huntington Beach, Gracey Van Der Mark
3. Other Huntington Beach City Council Members
4. Members of the Planning Commission
5. Huntington Beach City Planner, Jennifer Villasenor
6. Huntington Beach City staff
7. Michael S. Tilden, the Acting, or then Acting, California State Auditor regarding the Auditor's March 17, 2022 Report on Regional Housing Needs Assessments as alleged in the Complaint.
8. Person Most Knowledgeable from the California State Auditor's Office regarding the Auditor's March 17, 2022 Report on Regional Housing Needs Assessments as alleged in the Complaint.
9. California Governor, Gavin Newsom.
10. Person Most Knowledgeable from the California Governor's Office regarding any statements made by the Governor or the Governor's Office involving or relating to the "housing crisis" or the "need for housing" or any such statement to any similar effect as alleged in the Complaint.
11. Director of the State of California Department of Housing & Community Development, Gustavo Velasquez.
12. Person Most Knowledgeable from the State of California Department of Housing & Community Development regarding any statements made by HCD involving or relating to the "housing crisis" or the "need for housing" or any such statement to any similar effect as alleged in the Complaint.
13. Person Most Knowledgeable from the State of California Department of

Housing & Community Development regarding the 13,368 units of RHNA assigned to the City of Huntington Beach as alleged in the Complaint.

14. Person Most Knowledgeable from the Southern California Association of Governments regarding the 13,368 units of RHNA assigned to the City of Huntington Beach as alleged in the Complaint.

15. State Legislators, to be identified, with knowledge of SB 1333 and RHNA Laws as alleged in the Complaint.

16. The Consultants who prepared the City's 2022/2023 Environmental Impact Report for the proposed Housing Element update presented to Council on April 4, 2023.

17. Consultants who Prepared the City's proposed Housing Element Update

18. Other witnesses who will be identified during discovery in this case.

**State Defendants' Percipient Witnesses:**

1  Plaintiffs' claims fail as a matter of law. In addition, Plaintiffs' claims are fundamentally legal objections to California's housing laws. Plaintiffs' fraud claim, moreover, boils down to a difference of opinion on whether California has a shortage of housing. State Defendants do not plan to call any percipient witnesses in this action.

**SCAG's Percipient Witnesses:**

1. Plaintiffs' claims fail as a matter of law. However, in the event the Court rules otherwise, the following are SCAG's key percipient witnesses:

2. SCAG personnel who worked on the RHNA allocation numbers for the "6th RHNA Cycle," spanning from 2021 through 2029.

**Plaintiffs' Key Documents:**

1. The City of Huntington Beach's Environmental Impact Report for the Housing Element Amendment along with Statement of Overriding Considerations presented to the City Council at times in 2022 and presented again on April 4, 2023.

2. The California State Auditor's March 17, 2022, Report on Regional Housing Needs Assessments.

3. The voluminous documents produced by the California State Auditor in response to the City's California Public Records Request (CPRA) calling for records to be produced related to, or a basis of, the California State Auditor's March 17, 2022 Report on Regional Housing Needs Assessments.

4. Multiple Articles reporting statements by Governor Gavin Newsom regarding the "housing crisis" or the "need for housing" or any such statement to any similar effect as alleged in the Complaint.

5. Multiple Articles reporting statements by HCD regarding the "housing crisis" or the "need for housing" or any such statement to any similar effect as alleged in the Complaint.

6. Multiple Articles reporting on the California State Auditor's March 17, 2022 Report on Regional Housing Needs Assessments as alleged in the Complaint.

7. Transit maps, population maps, geographical maps, water systems maps, environment maps, and other maps depicting the City of Huntington Beach and its features.

8. Various photographs and video depicting the City of Huntington Beach and its features.

9. Various video clips of Press Conferences or other on-camera announcements by the Governor or other State officials related to the City of Huntington Beach or the "housing crisis" or the "need for housing" or any such statement to any similar effect as alleged in the Complaint.

10. Charts/Data reflecting the City's population, development over time, and housing supply.

11. Transit maps, population maps, geographical maps, water systems maps, environment maps, and other maps depicting the other cities and their features.

12. Various photographs and video depicting the other cities both developed and

1. undeveloped, and their features.
2. 13. Charts/Data reflecting the other cities' populations, development over time, and housing supply.
3. 14. Text of State Legislative and Committee notes for SB 1333, the Housing Laws, and the RHNA Laws as contemplated in and/or alleged in the Complaint.
4. 15. The Charter of the City of Huntington Beach.
5. 16. Municipal and Zoning Code
6. 17. California's Census data.
7. 18. Housing Development data.
8. 19. Letter communications between the City of Huntington Beach and HCD in recent years.
9. 20. Letter communications between the City of Huntington Beach and SCAG in recent years.
10. 21. Housing Element Update and all related documents, reports, and public hearing information.
11. 22. The 2022/2023 Environmental Impact Report, public reports, documents and public hearing information
12. 23. Other various documents that Plaintiffs anticipate will be discovered and identified through the discovery process.

**State Defendants' Key Documents:**
1. Plaintiffs' claims fail as a matter of law. In any event, if the Court does not dismiss Plaintiffs' lawsuit, the State Defendants may use documents related to the City's housing element update, including any and all communications between the City and HCD.

**SCAG's Key Documents:**
1. Plaintiffs' claims fail as a matter of law. However, in the event the Court rules otherwise, the following are SCAG's key documents:
2. Documents relating to SCAG's determination and setting of the RHNA

housing unit allocations for the 6th RHNA planning cycle, including staff reports, formal adopted unit allocations, any appeals and related staff reports, as well as calculations, spreadsheets, tables, plans, methodologies, data sheets, and policies and procedures.

**F.     Insurance:**

Plaintiff City of Huntington Beach is self-insured up to $1,000,000 and in excess of that amount is secured by excess insurance/reinsurance for itself.

State Defendants: State Defendants are self-insured.

SCAG: Plaintiffs' action does not seek damages. In any event, SCAG is insured as follows: SCAG obtains its insurance through the California Joint Powers Insurance Authority in an amount up to $30 Million, and is also insured in excess of that limit by way of excess coverage by California Joint Powers Insurance Authority up to $50 Million.

**G.     Manual for Complex Litigation:**

The parties agree that this is not a complex case and therefore does not necessitate utilizing procedures from the Manual for Complex Litigation.

**H.     Motions:**

For Plaintiffs: Only such Evidentiary or Issues Motions as may be necessary throughout the course of the litigation and prior to trial in this matter.

For State Defendants: Given the dispositive legal bases justifying dismissal, State Defendants will pursue the earliest feasible dismissal of Plaintiffs' lawsuit, as well as the earliest feasible dismissal or denial of any and all claims in Plaintiffs' lawsuits, and will file any such motion to that effect as necessary. State Defendants may also file discovery motions as necessary.

For SCAG: SCAG does not contemplate filing any other motions at this time, except potentially another motion to dismiss should Plaintiffs be granted leave to amend following hearing on SCAG's pending Motion to Dismiss.

/ / /

## I. **Dispositive Motions:**

**Plaintiffs' Position:**

Defendants' respective Motions to Dismiss are scheduled for hearing on July 27, 2023.

**State Defendants' Position:**

State Defendants have filed a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (6). Granting this motion will result in dismissal of the entirety of Plaintiffs' action.

**SCAG's Position:**

SCAG has filed a Motion to Dismiss Plaintiffs' First Amended Complaint set to be heard on July 27, 2023. SCAG's Motion wholly disposes of the FAC against it on the following grounds:

- The entire action must be dismissed because Plaintiffs lack standing to challenge the RHNA Laws on constitutional grounds.
- Each of Plaintiffs' federal constitutional claims are also meritless:
  - Plaintiffs' First Amendment claim fails because no speech has been burdened as a matter of law.
  - Plaintiffs' procedural due process claim fails because Plaintiffs cannot allege a property interest and the RHNA Laws provide sufficient process as a matter of law.
  - Plaintiffs' substantive due process claim fails because Plaintiffs cannot allege a protected interest, and the RHNA Laws have a rational basis to accomplish a legitimate governmental objective as a matter of law.
  - Plaintiffs' commerce clause claim fails because the RHNA Laws do not discriminate against out-of-state commerce, nor excessively burden interstate commerce as a matter of law.
- Each of Plaintiffs' state law claims are also meritless:
  - Plaintiffs' "home rule" claim fails because the RHNA Laws constitute

a matter of statewide concern as a matter of law.
- Plaintiffs' RHNA allocation claim fails because judicial review of the RHNA allocations are precluded.
- Plaintiffs' separation of power claim fails because the RHNA Laws do not violate the state constitution's separation of powers clause as a matter of law.
- Plaintiffs' "bill of attainder" claim fails because the RHNA Laws do not constitute a legislative punishment.
- Plaintiffs' CEQA claim fails because complying with CEQA is not a CEQA violation.
- Plaintiffs' "special statute" claim fails because the challenged provisions of the RHNA Laws have a rational basis to the housing needs of the regions they relate to.
- Plaintiffs' fraud claim fails because Plaintiffs fail to plead fraud with specificity and nevertheless SCAG has statutory immunity.

J. **Status of Discovery:**

Discovery has not yet commenced in this matter as the hearings on the dispositive motions filed have not yet been fully briefed or decided. However, the Parties have agreed to exchange their respective Initial Rule 26 Disclosures on June 13, 2023, which is within 14 days of the Conference held among the Parties on May 30, 2023.

K. **Discovery Plan:**

The parties address the subjects contained in Rule 26(f) as follows:
1) <u>Changes to Initial Disclosure Requirements</u>. As discussed above, the parties agree that initial disclosures shall be made on June 13, 2023.
2) <u>Subjects of Discovery</u>.
   Plaintiffs: Plaintiffs anticipate depositions of the parties and witnesses concerning the facts of this case.

State Defendants: State Defendants do not anticipate needing to serve any discovery because this Court lacks subject matter jurisdiction to hear this action. If Plaintiffs claims survive, the State Defendants will pursue discovery on the surviving causes of action.

SCAG: SCAG does not anticipate needing to serve any discovery on the basis that it believes it will prevail on its Motion to Dismiss, including on the grounds that the Court lacks subject matter jurisdiction to hear this action. However, in the event any of Plaintiffs' claims survive SCAG's Motion to Dismiss, SCAG will serve written discovery with respect to Plaintiffs' surviving causes of action.

3) <u>Changes to the Limitations of Discovery</u>.

Plaintiffs: Plaintiffs do not anticipate the need to change the limitations of discovery as prescribed by FRCP or this Court's Local Rules.

State Defendants: State Defendants join SCAG's below request for a stay.

SCAG: SCAG requests that any further discovery beyond the initial disclosures be stayed until 10 days after the Court's ruling on the pending Motion to Dismiss, on the grounds that the Court lacks subject matter to hear this action.

4) <u>Any Other Court Orders</u>:

Plaintiffs: Plaintiffs do not propose that the Court issue any other orders under Federal Rules of Civil Procedure 16(b), 16(c), or 26(c).

State Defendants: State Defendants join SCAG's below request for a stay.

SCAG: As discussed above, SCAG requests that the Court issues a Rule 16(b) scheduling order that stays discovery until 10 days after the Court's ruling on the pending Motion to Dismiss.

/ / /

Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents on the issues of constitutional violation issues, methodology and purpose behind State Housing Laws and allocation, and violation of CEQA to comply with State Housing Laws, particularly RHNA Laws.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

**L.** **Discovery Cut-Off:**

Plaintiffs propose a fact discovery-cut off of February 22, 2024.

Defendants propose a fact discovery-cut off of February 22, 2024.

**M.** **Expert Discovery:**

Plaintiffs propose an initial expert witness disclosure exchange date of March 7, 2024, a rebuttal expert witness disclosure date of March 21, 2024, and an expert discovery cut-off of April 4, 2024.

State Defendants and SCAG jointly propose an initial expert witness disclosure exchange date of March 7, 2024, a rebuttal expert witness disclosure date of March 21, 2024, and an expert discovery cut-off of April 4, 2024.

**N.** **Settlement Conference and Alternative Dispute Resolution ("ADR"):**

Plaintiffs: The parties have not discussed settlement and Plaintiffs wish to conduct further discovery before addressing the possibility of settlement. Plaintiffs elect to proceed with ADR Procedure No. # 2 – District Court Panel Mediator.

State Defendants: State Defendants do not believe this case is amenable to settlement.

SCAG: SCAG does not believe this case is amenable to settlement.

**O.** **Preliminary Trial Estimate:**

All parties have requested a jury trial. Plaintiffs estimate that trial will take approximately 10 court days and expects to call approximately 20 witnesses at trial.

The State Defendants estimate that should trial be necessary, it should take 1 to 3 days, and they expect to call 1 expert witness at trial on the narrow issue of the

existence of a crisis-level housing shortage.

SCAG estimates that should trial be necessary, it will take approximately 3 to 5 court days and expects to call approximately 5 witnesses at trial.

**P.   Trial Counsel:**

Plaintiffs:  Michael E. Gates (lead), Nadin S. Said.

State Defendants: Deputy Attorneys General Matthew T. Struhar (lead) and Thomas Kinzinger

SCAG: Deborah J Fox (lead), David Mehretu, and Kristof D. Szoke.

**Q.   Magistrate Judge:**

At this time, the parties do not agree to consent to have the Magistrate Judge preside over the proceedings of this matter, including trial.

**R.   Independent Expert or Master:**

The parties agree that this is not a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert should be appointed.

Dated: June 8, 2023

Respectfully submitted,
MICHAEL E. GATES, CITY ATTORNEY

By:   */s/ Michael E. Gates*
MICHAEL E. GATES, CITY ATTORNEY
Attorney for Plaintiffs,
CITY OF HUNTINGTON BEACH, and
HUNTINGTON BEACH CITY COUNCIL, and
MAYOR TONY STRICKLAND, and
MAYOR PRO TEM GRACEY VAN DER MARK

/ / /

/ / /

/ / /

Dated: June 8, 2023                ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA

By:     */s/ Thomas P. Kinzinger*
Thomas P. Kinzinger, Deputy Attorney General
Attorney for Defendants, GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA, AND INDIVIDUALLY; GUSTAVO VELASQUEZ, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT, AND INDIVIDUALLY; AND THE CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT

Dated: June 8, 2023                MEYERS NAVE

By:     */s/ Deborah J. Fox*
DEBORAH J. FOX
DAVID MEHRETU
KRISTOF D. SZOKE
Attorneys for Defendant
SOUTHERN CALIFORNIA ASSOCIATION OF GOVERNMENTS