1   ROB BONTA
    Attorney General of California
2   DANIEL A. OLIVAS
    Senior Assistant Attorney General
3   DAVID PAI, Bar No. 227058
    Supervising Deputy Attorney General
4   MATTHEW STRUHAR, Bar No. 293973
    THOMAS KINZINGER, Bar No. 323889
5   Deputy Attorneys General
     300 S. Spring St.
6    Los Angeles, CA 90013
     Telephone: (213) 269-6230
7    Fax: (916) 731-2121
     E-mail:  Matthew.Struhar@doj.ca.gov
8             Thomas.Kinzinger@doj.ca.gov

9   *Attorneys for Defendants Gavin Newsom, in his
    official capacity as Governor of the State of*
10  *California, and individually; Gustavo Velasquez, in
    his official capacity as Director of the State of*
11  *California Department of Housing and Community
    Development, and individually; and the California*
12  *Department of Housing and Community
    Development*
13

14

15                IN THE UNITED STATES DISTRICT COURT

16            FOR THE CENTRAL DISTRICT OF CALIFORNIA

17                         SOUTHERN DIVISION

18

19  | CITY OF HUNTINGTON BEACH, a | 8:23-cv-00421-FWS-ADS |
20  | California Charter City, and |  |
    | Municipal Corporation, the | **STATE DEFENDANTS' REPLY** |
    | HUNTINGTON BEACH CITY | **TO PLAINTIFFS' OPPOSITION** |
21  | COUNCIL, MAYOR OF | **TO MOTION TO DISMISS** |
    | HUNTINGTON BEACH, TONY |  |
22  | STRICKLAND, and MAYOR PRO | Hearing Date: July 27, 2023 |
    | TEM OF HUNTINGTON BEACH, | Time: 10:00 a.m. |
23  | GRACEY VAN DER MARK, | Courtroom: 10D |
    |  | Judge: The Honorable Fred W. |
24  |  | Slaughter |
    | Plaintiffs, |  |
25  |  | Trial Date: September 10, 2024 |
    |  | Action Filed: March 9, 2023 |
26  | v. |  |

27  GAVIN NEWSOM, in his official

28  capacity as Governor of the State of

1   **California, and individually;**
2   **GUSTAVO VELASQUEZ in his**
    **official capacity as Director of the**
3   **State of California Department of**
4   **Housing and Community**
    **Development, and individually;**
5   **STATE OF CALIFORNIA**
6   **DEPARTMENT OF HOUSING AND**
    **COMMUNITY DEVELOPMENT;**
7   **SOUTHERN CALIFORNIA**
8   **ASSOCIATION OF**
    **GOVERNMENTS; and DOES 1-50,**
9   **inclusive,**
10                              Defendants.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT..........................................................................................................1

I.   This Case Is Not Justiciable, and No Amendment Could Make It
     Justiciable ...................................................................................................1

     A.   Political Subdivisions of States Cannot Challenge State
          Laws in Federal Court.......................................................................1

     B.   No Named Plaintiffs Have Any Constitutional Interest
          Distinct from The City......................................................................2

II.  This Court Should Abstain From Hearing This Case Under The
     Younger Doctrine .......................................................................................4

III. The Eleventh Amendment Bars Plaintiffs' Claims Against the
     California Department of Housing and Community
     Development, and Governor Newsom is Immune from Suit ..............5

IV.  Plaintiffs Fail to State Any Claims for Relief......................................6

     A.   The City Has No First Amendment Right to Resist State
          Housing Laws....................................................................................6

     B.   The City's Due Process Claims Lack Merit .................................7

          1.   The State's Housing Laws Are Not
               Unconstitutionally Vague .......................................................7

          2.   The City Has No Procedural Due Process Right to
               Challenge the State's Housing Laws or RHNA
               Allocation .................................................................................8

          3.   The City's Substantive Due Process Claim Has No
               Merit Because It Has No Fundamental Right to
               Control Land Use......................................................................8

     C.   The City's Dormant Commerce Clause Claim Has No
          Merit ...................................................................................................9

     D.   Plaintiffs' State Law Claims are Barred by the Eleventh
          Amendment, and Even If They Were Not, the Court
          Should Decline to Exercise Jurisdiction Over This Entire
          Case ..................................................................................................10

CONCLUSION ...................................................................................................10

i

1

**TABLE OF AUTHORITIES**

2

**Page**

3    CASES

4    *Arce v. Douglas*
5        793 F.3d 968 (9th Cir. 2015)....................................................................7

6    *Buckingham v. Sec'y of U.S. Dep't of Agr.*
7        603 F.3d 1073 (9th Cir. 2010)..................................................................8

8    *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*
9        136 F.3d 1360 (9th Cir. 1998)..................................................................1

10   *City of Los Angeles v. David*
11       538 U.S. 715 (2003)................................................................................8

12   *City of San Juan Capistrano v. California Pub. Utilities Comm'n*
         937 F.3d 1278 (9th Cir. 2019)..................................................................1
13
     *Coal. to Defend Affirmative Action v. Brown*
14       674 F.3d 1128 (9th Cir. 2012)..................................................................5

15   *Credit One Bank, N.A. v. Hestrin*
16       60 F.4th 1220 (9th Cir. 2023)..................................................................5

17   *CTS Corp. v. Dynamics Corp. of Am.*
18       481 U.S. 69 (1987)..................................................................................9

19   *Dep't of Revenue v. Davis*
20       553 U.S. 328 (2008)................................................................................9

21   *Dittman v. California*
22       191 F.3d 1020 (9th Cir. 1999)..................................................................9

23   *Eason v. Clark County Sch. Dist.*
         303 F.3d 1137 (9th Cir. 2002)..................................................................1
24
     *Fiedler v. Clark*
25       714 F.2d 77 (9th Cir. 1983)......................................................................2

26   *Franceschi v. Yee*
27       887 F.3d 927 (9th Cir. 2018)....................................................................9

28

**TABLE OF AUTHORITIES**
(continued)

Page

*Haytasingh v. City of San Diego*
    66 Cal.App.5th 429 (2021)..............................................................2

*Heller v. Doe by Doe*
    509 U.S. 312 (1993)......................................................................9

*Herman Fam. Revocable Tr. v. Teddy Bear*
    254 F.3d 802 (9th Cir. 2001)........................................................10

*Hunter v. City of Pittsburgh*
    207 U.S. 161 (1907)......................................................................1

*Italian Colors Rest. v. Becerra*
    878 F.3d 1165 (9th Cir. 2018)......................................................6

*M&A Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles*
    419 F.3d 1036 (9th Cir. 2005)......................................................4

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*
    457 U.S. 423 (1982)......................................................................4

*Mitchell v. Los Angeles*
    861 F.2d 198 (9th Cir. 1989)........................................................1

*Nationwide Biweekly Admin., Inc. v. Owen*
    873 F.3d 716 (9th Cir. 2017)........................................................5

*Nevada Commission on Ethics v. Carrigan*
    564 U.S. 117 (2011)...................................................................7, 9

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984)......................................................................10

*Pennzoil Co. v. Texaco, Inc.*
    418 US 1 (1987)............................................................................4

*Ex Parte Young*
    209 U.S. 123 (1908)...................................................................5, 6

*Ysursa v. Pocatello Educ. Ass'n*
    555 U.S. 353 (2009)...................................................................1, 8

iii

# TABLE OF AUTHORITIES
### (continued)

Page

**STATUTES**

Cal. Gov. Code § 65584 ...................................................................................7

Cal. Gov. Code § 65585(c)(3) ........................................................................10

Cal. Gov. Code § 65588 ...................................................................................7

Cal. Pub. Res. Code § 21081(b) .......................................................................3

Harb. & Nav. Code § 650.1 ..............................................................................2

**CONSTITUTIONAL PROVISIONS**

U.S. Const. First Amendment ................................................................2, 6, 7, 8

U.S. Const. Eleventh Amendment..............................................................1, 5, 10

U.S. Const. Article III .......................................................................................2

**OTHER AUTHORITIES**

Title 14, Cal. Code of Regs. § 15093 ...............................................................3

iv

1

**INTRODUCTION**

2      In opposing the State Defendants' Motion to Dismiss, Plaintiffs contend that

3  charter cities, unlike general law cities, have standing to sue the state in federal

4  court, and can invoke various federal constitutional rights to resist state planning

5  laws designed to alleviate the housing crisis—a statewide concern that has plagued

6  the people of California for decades. Plaintiffs cite no authority supporting these

7  propositions, and there is none. Plaintiffs' First Amended Complaint (ECF 38)

8  (hereinafter, "Complaint") should be dismissed without leave to amend.

9

**ARGUMENT**

10 **I.   THIS CASE IS NOT JUSTICIABLE, AND NO AMENDMENT COULD MAKE
        IT JUSTICIABLE**

11

12     **A.   Political Subdivisions of States Cannot Challenge State Laws
              in Federal Court**

13     For over a century, the Supreme Court has expressly held that municipal

14 governments do not have federal constitutional rights vis-à-vis state governments.

15 See *Hunter v. City of Pittsburgh*, 207 U.S. 161, 178 (1907). This was reaffirmed as

16 recently as 2009. *See Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 363 (2009).

17     The City simply does not have standing in federal court to challenge state laws

18 governing its operations. This is a per se rule in the Ninth Circuit. *City of San Juan

19 Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1280-1281 (9th

20 Cir. 2019) (collecting cases). Plaintiffs' Opposition repeatedly invokes Huntington

21 Beach's status as a charter city, but that is irrelevant to this Court's standing

22 analysis. *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d

23 1360, 1364 (9th Cir. 1998). And Plaintiffs cite no binding authorities even

24 suggesting that charter cities have ever enjoyed special federal constitutional rights.

25     Plaintiffs cite inapposite cases to argue otherwise. Plaintiffs invoke the tests

26 set forth in *Eason v. Clark County Sch. Dist.*, 303 F.3d 1137 (9th Cir. 2002) and

27 *Mitchell v. Los Angeles*, 861 F.2d 198 (9th Cir. 1989) for determining whether a

28 government entity is an "arm of the state" for Eleventh Amendment immunity

purposes. But whether or not a government entity possesses immunity from *being sued* in federal court has no bearing on whether that entity has *standing to sue*. Plaintiffs also cite *Haytasingh v. City of San Diego*, 66 Cal.App.5th 429 (2021)[1] for the proposition that charter cities are not political subdivisions of the state, and assert that it is "dispositive." But *Haytasingh* held no such thing. There, a state appellate court was interpreting language that exempted the "state and its subdivisions" from section 650.1 of the Harbors and Navigation Code. But whether or not a state statute uses the term "political subdivision" to describe a city in specific statutory contexts is irrelevant to whether the U.S. Constitution confers special status to charter cities. *See Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) (district courts must consider U.S. Const. Art. III and federal law only; "the states have no power directly to enlarge or contract federal jurisdiction."). No federal court has ever held, or has even suggested, that a charter city is not a political subdivision of the state for federal constitutional purposes.

In short, Huntington Beach is a political subdivision of California and thus lacks judicially enforceable federal constitutional rights. Plaintiffs' contention to the contrary lacks any merit. And Plaintiffs provide no compelling argument that this Court should be the very first to carve out an exception to the Ninth Circuit's per se bar against political subdivision standing.

### B.   No Named Plaintiffs Have Any Constitutional Interest Distinct from The City

Plaintiffs' Complaint does not assert any constitutional interest separate and distinct from the City's interests. Plaintiffs' First Amendment claim, for example, alleges that state housing laws unconstitutionally compel councilmembers to engage in "speech" about housing needs. But these housing laws impose obligations on *cities*, not on city councilmembers: any interest of Plaintiff councilmembers is entirely derivative of the City's interests and is thus barred. *See*

---

[1] *repub'd with add'l material at* 286 Cal.Rptr.3d 364 (2021).

*City of S. Lake Tahoe,* 625 F.2d at 237. As the Ninth Circuit instructs, any "personal dilemma" that a councilmember may harbor in complying with state law cannot confer standing because that person lacks any "concrete personal injury" that differs from the consequences to the City. *Id.* at 237-38. This is especially the case where, as explained below, "the councilmembers have available a course of action which subjects them to no concrete adverse consequences." *Id.* at 237.

Plaintiffs' standing argument with respect to the individual plaintiffs hinges on a misinterpretation of the state statutes at issue. Plaintiffs lean heavily on the term "statement of overriding considerations" as used in the California Environmental Quality Act (CEQA) and its implementing regulations. To explain, when a "lead agency approves a project which will result in the occurrence of significant effects which are identified in the final [Environmental Impact Report] but are not avoided or substantially lessened," the agency must "state in writing the specific reasons to support its action…." Title 14, Cal. Code of Regs. § 15093. This statement of overriding considerations must indicate why an agency is approving a project despite any unmitigated environmental impacts. *See* Cal. Pub. Res. Code § 21081(b). Such a statement could simply cite overriding legal obligations that compel approval of the project. *Id.*

CEQA and its regulations do not require or presume that a statement of overriding considerations indicates each individual voting member's assent to any particular opinion, fact, or argument, nor does it restrain the voice of any individual agency member considering a project approval. Indeed, in their individual capacities, the individual plaintiffs may say whatever they want about the state's housing laws, as they admit to have done, repeatedly, at City Council meetings. *See* (Purported)[2] Decl. of Mayor Tony Strickland, ECF 50-1, ¶ 9 ("I stated on the record that [sic] the March 21, 2023 City Council meeting, as well as the April 4, 2023

---

[2] Because the individual Plaintiffs' declarations lack a valid signature from either declarant, these declarations cannot be relied upon as evidence. *See* State Defs.' Objection to Pls.' Declarations, filed concurrently with this reply.

1   City Council Meeting that I could not in good conscience support…the
2   endorsement of the 13,368 high-density RHNA Units in the City"); *see also*
3   (Purported) Decl. of Mayor Pro Tem Gracey van der Mark, ECF 50-2, ¶ 16
4   (verbatim). These city officials' obligation to approve a housing element in the
5   exercise of their official duties does not impact their individual free speech rights.

6       The City, and every one of the named plaintiffs in this action, all lack
7   standing. Consequently, all of Plaintiffs' federal claims fail.

8   **II.    THIS COURT SHOULD ABSTAIN FROM HEARING THIS CASE UNDER THE**
9       ***YOUNGER* DOCTRINE**

10      This Court should also dismiss Plaintiffs' claims under the *Younger* abstention
11  doctrine due to the vital state interests at stake. Plaintiffs' Opposition misstates the
12  applicable law and makes no convincing argument to the contrary.

13      Abstention under *Younger* is appropriate where state court proceedings are (1)
14  pending when the federal action is filed; (2) implicate important state interests; and
15  (3) provide adequate opportunity to raise the federal claims. *Middlesex County*
16  *Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). Plaintiffs'
17  Opposition appears to argue that this Court should not abstain because Plaintiffs are
18  the plaintiffs, rather than the defendants, in this federal court action, and because
19  the State Defendants' pending state court lawsuit is not a criminal prosecution. ECF
20  50, § V, pp. 21-22. But *Younger* abstention fully applies when state criminal *or civil*
21  proceedings involving important state interests are pending against a federal
22  plaintiff. *Pennzoil Co. v. Texaco, Inc.*, 418 US 1, 11 (1987).

23      For *Younger* abstention, the relevant test is *not* the filing date of either action,
24  but whether "any proceedings of substance on the merits" have yet taken place in
25  the federal court at the time the state court action is filed. *M&A Gabaee v. Cmty.*
26  *Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005).
27  Plaintiffs argue the State Defendants are merely "pretending" that they filed "a civil
28  lawsuit" on March 8 with the same claims that are presented here. ECF 50, § V, p.

22. This argument is untrue and irrelevant. The question is whether any "proceedings of substance on the merits" have happened in this Court. And that answer is clearly no. Even if this Court agreed the State Defendants' state court action was not "initiated" until they filed a motion to amend on April 10, or even when that motion was granted on June 9, *Younger* abstention would still apply. Thus far, this Court has only considered and denied Plaintiffs' application for a temporary restraining order, which is *not* a "proceeding of substance on the merits." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017). And even if this Court had *already ruled* on the pending motions to dismiss when the state action was filed, such a ruling is "not invariably a proceeding of substance on the merits." *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1226 (9th Cir. 2023).

Simply put, there is a live state court action in which Plaintiffs can fully litigate their claims against California's housing laws, including any federal constitutional ones. This Court must not deprive the state court of its ability to hear that case, especially since no proceedings of substance on the merits have yet occurred here.

## III. THE ELEVENTH AMENDMENT BARS PLAINTIFFS' CLAIMS AGAINST THE CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT, AND GOVERNOR NEWSOM IS IMMUNE FROM SUIT

The Eleventh Amendment bars the City's claims against Governor Gavin Newsom and HCD. Plaintiffs' Opposition does not dispute that HCD itself is immune from suit in this Court. On the other hand, Plaintiffs attempt to salvage their claims against Governor Newsom via an exception provided under *Ex Parte Young*, 209 U.S. 123 (1908). However, a state official "must have some connection with the enforcement of the act" to be susceptible to suit under *Ex Parte Young*; and "a generalized duty to enforce state law … will not subject an official to suit." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133-34 (9th Cir. 2012).

Instead of making these required allegations, Plaintiffs state that "[a]ll elements are met as detailed in the Plaintiffs' Complaint" and that Governor

Newsom "violated the U.S. Constitution as to Plaintiffs." ECF 50, § IV(E.), p. 20. Notably absent from this argument is any indication of what, specifically, Governor Newsom is alleged to have done. Plaintiffs vaguely state that the Governor was involved in "misleading cities" and that he has "promised[] to come after Huntington Beach," but these are, respectively, an unsupported accusation of dishonesty and a statement that the Governor has a generalized duty to enforce state law. ECF 50, § IV(E.), pp. 20-21. This does not establish the direct connection with the enforcement of an unconstitutional act required for the *Ex Parte Young* exception.

## IV.   PLAINTIFFS FAIL TO STATE ANY CLAIMS FOR RELIEF

### A.   The City Has No First Amendment Right to Resist State Housing Laws

Plaintiffs' First Amendment claims also fail on the merits. Plaintiffs' Opposition implicitly concedes that the City itself does not possess enforceable First Amendment rights against the State of California. Instead, Plaintiffs attempt to salvage their First Amendment claims by insisting that the state's housing laws somehow coerce speech from city officials.

Plaintiffs' Opposition correctly sets out the test for individuals asserting a First Amendment violation. *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171-72 (9th Cir. 2018) (a plaintiff must show, *inter alia*, that the challenged law applies to the plaintiff). But then, Plaintiffs fail to show how this test could be met by their allegations. After falsely asserting that the "RHNA Laws and CEQA" dictate individual city officials' speech, Plaintiffs complain that the consequences would be implementation of new zoning allowing a high-density quota *upon the City*. *See* ECF 50, § VI(A.), p. 25-26. Once again, Plaintiffs reveal their genuine dispute lies with housing laws that apply *to the City*, and not to any individual plaintiffs.[3] The

---

[3] Indeed, in the declarations purportedly from the Mayor and Mayor Pro Tem of Huntington Beach, neither declarant proffers a single piece of testimony as to

1    state laws Plaintiffs challenge are purely a regulation upon the City itself.

2         Plaintiffs also bring no convincing argument that *Nevada Commission on*

3    *Ethics v. Carrigan*, 564 U.S. 117 (2011) is not fully applicable here. Plaintiffs argue

4    that *Carrigan* concerned solely the subject of recusal statutes and "whether to

5    vote." ECF 50, § VI(B.), p. 27. That is not the rule from *Carrigan*. In *Carrigan*, the

6    Supreme Court specifically established the principle that a legislative vote is a

7    portion of the legislature's power that "is not personal to the legislator but belongs

8    to the people" and, further, that the "legislator has no right to use official powers for

9    expressive purposes." *Carrigan*, 564 U.S. at 126-27. Plaintiffs have no First

10   Amendment interest in exercising their vote a certain way; a governmental act does

11   not become "expressive simply because the governmental actor wishes it to be so."

12   *Id*. at 128. The First Amendment is simply not implicated when local government

13   officials are required to approve a land use program.

**B.    The City's Due Process Claims Lack Merit**

**1.    The State's Housing Laws Are Not Unconstitutionally Vague**

17        Plaintiffs argue that the state's housing laws are unconstitutionally vague. ECF

18   50, § VII, pp. 27-28. But Plaintiffs fail to explain *how* the state's housing laws are

19   unconstitutionally vague. Plaintiffs do not point to a specific statute or phrasing that

20   is indiscernible. Instead, Plaintiffs generally assert that the laws as a whole are

21   "unclear" and provide a "flawed allocation process" that fails to prescribe what a

22   city's housing quota will be. *Id*. But as Plaintiffs are aware, having participated in

23   the RHNA process for several decades, a city's housing allotment is adjusted each

24   cycle based on projected household growth. Cal. Gov. Code §§ 65584, 65588. In

25   any case, "[d]ue process does not require impossible standards of clarity." *Arce v.*

26   *Douglas*, 793 F.3d 968, 988 (9th Cir. 2015) (internal citation omitted). And

27   _____

28   how the implementation of higher-density zoning would be enforced against them
     personally, or how this could be construed to be "punishment" for their speech.

1    Plaintiffs do not credibly assert that a City does not know what it needs to do to

2    avoid civil remedies under the State's housing laws—they simply disagree with

3    what is required of them under the law and refuse to comply.

4         **2.    The City Has No Procedural Due Process Right to
              Challenge the State's Housing Laws or RHNA Allocation**

5

6         Plaintiffs do not plead a plausible procedural due process violation. Procedural

7    due process inquires whether there is a "*private* interest that will be affected by the

8    official action." *City of Los Angeles v. David,* 538 U.S. 715, 716 (2003) (emphasis

9    added). The City is not a private person or a private corporation; it is a municipal

10   corporation and a political subdivision of the state. *See Ysursa*, 555 U.S. at 362-63.

11   Once again, Plaintiffs emphasize that Huntington Beach is a "Chartered City," but

12   then fail to explain how that matters for due process purposes. Plaintiffs then

13   complain that they do not have an opportunity to seek judicial review of their

14   RHNA allocations, but procedural due process does *not* require a judicial

15   proceeding. *Buckingham v. Sec'y of U.S. Dep't of Agr.,* 603 F.3d 1073, 1082–83

16   (9th Cir. 2010). So long as *some* notice and *some* hearing is provided, procedural

17   due process has been afforded. And the City admits it has already been afforded

18   procedural due process by virtue of its participation in the administrative process

19   that resulted in its RHNA allocation. ECF 50, § VIII, p. 29. That process provided

20   both notice and a hearing, which is all the Constitution requires here.

21        **3.    The City's Substantive Due Process Claim Has No Merit
              Because It Has No Fundamental Right to Control Land Use**

22

23        The City's substantive due process claim fails as a matter of law. Plaintiffs do

24   not articulate how any personal liberty or fundamental rights are infringed in this

25   case. Instead, Plaintiffs assert that the "RHNA Laws" violate the First Amendment

26   rights of the individual plaintiffs, such that a stricter standard should apply. ECF 50,

27   § X, p. 30. As explained above, this is not the case. The state's housing laws

28   impose no consequences upon city officials individually and do not implicate

1   speech at all. At most, the state's housing laws can be said to require city officials

2   to vote to approve a zoning reform, but government officials have no First

3   Amendment-protected interest in their individual votes. *Carrigan*, 564 U.S. at 126-

4   127. A legislative vote is simply not a protected expressive act.

5         Plaintiffs also fail to make any convincing argument that the state's housing

6   laws fail rational basis review. This Court must only consider whether there is "any

7   reasonably conceivable state of facts" that would provide a rational basis for the

8   law. *Franceschi v. Yee*, 887 F.3d 927, 940 (9th Cir. 2018). Plaintiffs contend the

9   housing laws would fail rational basis review because, *inter alia*, housing has not

10  already become more affordable and some jurisdictions are allegedly not subject to

11  RHNA. ECF 50, § X, pp. 31-32. Under rational basis review, however, a state "has

12  no obligation to produce evidence to sustain the rationality of a statutory

13  classification." *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993). And, for purposes

14  of determining the existence of a rational basis, a legislature is *not* required to show

15  that a law actually accomplishes its stated purpose. *Dittman v. California*, 191 F.3d

16  1020, 1031 (9th Cir. 1999). The state's housing laws easily meet this test.

17       **C.**   **The City's Dormant Commerce Clause Claim Has No Merit**

18        Plaintiffs cannot plausibly argue that California's housing laws, which

19  regulate purely in-state municipal governance, violate the dormant Commerce

20  Clause. The dormant Commerce Clause bars "economic protectionism," i.e.

21  burdens on out-of-state competitors. *Dep't of Revenue v. Davis,* 553 U.S. 328, 337-

22  338 (2008). "The principal objects of dormant Commerce Clause scrutiny are

23  statutes that discriminate against interstate commerce." *CTS Corp. v. Dynamics*

24  *Corp. of Am.*, 481 U.S. 69, 87 (1987).

25        Plaintiffs contend that, if the state refrained from "interfering" in the market,

26  then the "natural forces of the housing market would provide the supply of home

27  development consumers were willing to pay for." ECF 50, § XI, p. 33. This fails as

28  a matter of law to state a claim. The dormant Commerce Clause does not create a

1   "regulation free" zone in the housing market. And Plaintiffs ignore that California's

2   housing element law helps *eliminate* local constraints on new housing, thereby

3   assisting the very market forces that Plaintiffs allege that state law restricts. *See,*

4   *e.g.* Cal. Gov. Code § 65585(c)(3) (requiring housing elements to include a

5   program to remove governmental constraints on the supply of affordable housing).

6   This does nothing, moreover, to regulate commerce outside of California, much less

7   discriminate against it. Plaintiffs' argument has no merit.

8
9      **D.   Plaintiffs' State Law Claims are Barred by the Eleventh Amendment, and Even If They Were Not, the Court Should Decline to Exercise Jurisdiction Over This Entire Case**

10      Suits attempting to enforce *state law* against a state or its officials are barred

11   under the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465

12   U.S. 89, 121 (1984). All of Plaintiffs' state-law claims are thus squarely barred.

13   Even if they were not, where, as here, a federal court must dismiss the federal

14   claims for lack of subject matter jurisdiction, it has no discretion to hear any state

15   law claims and must dismiss them. *Herman Fam. Revocable Tr. v. Teddy Bear*, 254

16   F.3d 802, 806 (9th Cir. 2001). This Court lacks subject matter jurisdiction over all

17   federal claims in this case, and it should dismiss all of Plaintiffs' state law claims.

18                 **CONCLUSION**

19      For the reasons above, the Complaint and all claims therein should be

20   dismissed without leave to amend.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

1   Dated: June 22, 2023                    Respectfully submitted,

2                                           ROB BONTA
                                            Attorney General of California
3                                           DANIEL A. OLIVAS
                                            Senior Assistant Attorney General
4                                           DAVID PAI
                                            Supervising Deputy Attorney General
5

6                                           /s/ Thomas Kinzinger

7

8                                           MATTHEW T. STRUHAR
                                            THOMAS P. KINZINGER
                                            Deputy Attorneys General
9                                           Attorneys for State Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATE DEFENDANTS' REPLY TO PLAINTIFFS'
                                            OPPOSITION  (8:23-cv-00421-FWS-ADS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Gavin Newsom, Gustavo Velasquez, and California Department of Housing and Community Development, certifies that this brief contains 3,287 words, which:

_x_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: June 22, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Thomas Kinzinger*

MATTHEW T. STRUHAR
THOMAS P. KINZINGER
Deputy Attorney General
*Attorneys for State Defendants*

12

STATE DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION  (8:23-cv-00421-FWS-ADS)