ROB BONTA
Attorney General of California
DANIEL A. OLIVAS
Senior Assistant Attorney General
DAVID PAI, Bar No. 227058
Supervising Deputy Attorney General
MATTHEW STRUHAR, Bar No. 293973
THOMAS KINZINGER, Bar No. 323889
Deputy Attorneys General
  300 S. Spring St.
  Los Angeles, CA 90013
  Telephone: (213) 269-6230
  Fax: (916) 731-2121
  E-mail:   Matthew.Struhar@doj.ca.gov
             Thomas.Kinzinger@doj.ca.gov

*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of the State of California, and individually; Gustavo Velasquez, in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; and the California Department of Housing and Community Development*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as Governor of the State of** | 8:23-cv-00421-FWS-ADS<br><br>**STATE DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DECLARATIONS IN SUPPORT OF THEIR OPPOSITION TO MOTION TO DISMISS**<br><br>Date: July 27, 2023<br>Time: 10:00 a.m.<br>Courtroom: 10D<br>Judge: The Honorable Fred W. Slaughter<br><br>Trial Date: September 10, 2024<br>Action Filed: March 9, 2023 |

| | |
|---|---|
| | **California, and individually; GUSTAVO VELASQUEZ in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; SOUTHERN CALIFORNIA ASSOCIATION OF GOVERNMENTS; and DOES 1-50, inclusive,** |
| | Defendants. |

Defendants Gavin Newsom, Gustavo Velasquez, and the California Department of Housing and Community Development (HCD) (collectively, the "State Defendants") hereby object to the Declaration of Mayor Tony Strickland in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF 50-1 ("Strickland Declaration"), and the Declaration of Mayor Pro Tem Gracey van der Mark in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF 50-2 ("Van der Mark Declaration"), on grounds that (1) neither declaration contains a valid signature from the purported declarants and (2) both declarations seek to submit extrinsic evidence that may not be considered on a motion to dismiss.

### I. NEITHER DECLARATION CONTAINS A VALID SIGNATURE FROM THE PURPORTED DECLARANTS

Neither the Strickland Declaration nor the Van der Mark Declaration contain a valid signature from either purported declarant. The Central District of California Local Rule 5-4.3.4(a)(3) provides: "In the case of documents requiring signatures other than those of registered CM/ECF filers (such as declarations), the filer must scan the hand-signed signature page(s) of the document in PDF format and electronically file the document as required by L.R. 5-4.3.1." Plaintiffs have instead

submitted, under the CM/ECF login of Michael Gates, copies of each Declaration with signatures indicated by "*/s/*."

Plaintiffs have provided no evidence that either Mayor Tony Strickland or Mayor Pro Tem Gracey van der Mark are registered CM/ECF filers, such that they could permissibly use "*/s/*" as a substitution for their signature pursuant to Local Rule 5-4.3.4(a)(1). And if they were, that same Local Rule requires a document containing an "*/s/*" signature be submitted under their *individual* CM/ECF login. *Ibid.* But it does not appear that Mayor Strickland or Mayor Pro Tem van der Mark are members of the State Bar of California, much less admitted to practice before this Court and registered as CM/ECF users. *See* Attorney Search, State Bar of California, *available at* https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch (last visited June 21, 2022). Thus, an "*/s/*" signature from either declarant is invalid.

For this reason alone, this Court should not consider the Strickland Declaration or the Van der Mark Declaration.

## II. BOTH DECLARATIONS IMPROPERLY SEEK TO SUBMIT EXTRINSIC EVIDENCE

Even if the Strickland and Van der Mark Declarations are genuine, they are extrinsic evidence that should not be considered in evaluating a motion to dismiss.

It is black letter law that a motion to dismiss is decided based on the well-pleaded facts of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This is true for 12(b)(6) challenges for failure to state a claim and 12(b)(1) challenges to jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (applying the same standard to facial attack on jurisdiction). "[D]istrict courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)," and the only exceptions to this bar against extrinsic evidence are judicial notice and incorporation-by-reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Plaintiffs have not made any

showing that the Strickland Declaration or Van der Mark Declaration meets either exception.

The Strickland and Van der Mark Declarations are extrinsic evidence that are not appropriately considered at this time. Notably, the Declarations set forth multiple facts that are not contained in the City's First Amended Complaint, such as the declarants' alleged statements and actions at City Council meetings occurring on March 21 and April 4. *See, e.g.*, Strickland Declaration, ECF 50-1, ¶ 9 ("I stated on the record that [sic] the March 21, 2023 City Council meeting, as well as the April 4, 2023 City Council Meeting that I could not in good conscience support…the endorsement of the 13,368 high-density RHNA Units in the City"); *see also* Van der Mark Declaration, ECF 50-2, ¶ 16 (identical text). These declarations contain allegations outside those which were asserted in the Complaint itself, and this Court cannot appropriately consider them in ruling on the instant Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that this Court strike the Strickland Declaration and Van der Mark Declarations in their entirety, or otherwise decline to consider the Strickland Declaration and Van der Mark Declarations in ruling on the State Defendants' Motion to Dismiss.

Dated: June 22, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
DANIEL A. OLIVAS
Senior Assistant Attorney General
DAVID PAI
Supervising Deputy Attorney General

*/s/ Thomas Kinzinger*

MATTHEW T. STRUHAR
THOMAS P. KINZINGER
Deputy Attorneys General
*Attorneys for State Defendants*