ROB BONTA
Attorney General of California
DANIEL A. OLIVAS
Senior Assistant Attorney General
DAVID PAI, Bar No. 227058
Supervising Deputy Attorney General
MATTHEW STRUHAR, Bar No. 293973
THOMAS KINZINGER, Bar No. 323889
Deputy Attorneys General
 300 S. Spring St.
 Los Angeles, CA 90013
 Telephone: (213) 269-6230
 Fax: (916) 731-2121
 E-mail: Matthew.Struhar@doj.ca.gov
         Thomas.Kinzinger@doj.ca.gov

*Attorneys for Defendants Gavin Newsom, in his official capacity as Governor of the State of California, and individually; Gustavo Velasquez, in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; and the California Department of Housing and Community Development*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as Governor of the State of** | 8:23-cv-00421-FWS-ADS<br><br>**STATE DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date:         July 27, 2023<br>Time:         10:00 a.m.<br>Courtroom:  10D<br>Judge:        The Honorable Fred W. Slaughter<br><br>Trial Date:   September 10, 2024<br>Action Filed: March 9, 2023 |

|   |   |
|---|---|
| 1 | California, and individually; |
| 2 | GUSTAVO VELASQUEZ in his official capacity as Director of the |
| 3 | State of California Department of |
| 4 | Housing and Community Development, and individually; |
| 5 | STATE OF CALIFORNIA |
| 6 | DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; |
| 7 | SOUTHERN CALIFORNIA ASSOCIATION OF |
| 8 | GOVERNMENTS; and DOES 1-50, |
| 9 | inclusive, |
| 10 |                              Defendants. |

11

12   Defendants Gavin Newsom, Gustavo Velasquez, and the California

13   Department of Housing and Community Development (HCD) (collectively, the

14   "State Defendants") respond to Plaintiffs' Opposition to the State Defendants'

15   Request for Judicial Notice (RJN) as follows:

16   Plaintiffs argue this Court should not take judicial notice of **Exhibit 1** because

17   the City did not assert a federal constitutional violation in a case it previously

18   brought against California's housing laws, including the housing element law. *See*

19   *City of Huntington Beach v. Newsom, et al.*, Los Angeles County Superior Court

20   Case No. 30-2019- 01044945. That contention is irrelevant to this Court's

21   consideration of whether to take judicial notice. As explained in the State

22   Defendants' RJN, a federal court may take notice of adjudicative facts, including

23   court records and pleadings, because they are either "generally known within the

24   trial court's territorial jurisdiction" or "can be accurately and readily determined

25   from sources whose accuracy cannot reasonably be questioned." *See* Federal Rule

26   of Evidence 201(b); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th

27   Cir. 2012) (internal citations omitted) (finding "documents on file in federal or state

28   courts" to be undisputed matters of public record). Plaintiffs do not (and cannot)

contest the authenticity of the Los Angeles Superior Court's ruling. In any event, the State Defendants did not at any point in their Motion to Dismiss claim that Plaintiffs asserted *federal* constitutional claims in that action. This objection is unfounded.

Plaintiffs also falsely assert that **Exhibit 3** is a proposed amended complaint that has not been filed in the state court action. Exhibit 3 is, in fact, the state's *original* Petition and Complaint filed on March 8, 2023. This Court should disregard Plaintiffs' opposition to this request for that reason alone.

If Plaintiffs meant to object to Exhibit 4, the State Defendants made explicit in their Motion to Dismiss and RJN that *that* pleading was part of a Motion to Amend filed in Orange County Superior Court on April 10. *See* State Defendants' Motion to Dismiss, ECF 45, p. 7, lines 15-17 ("On April 10, 2023, HCD and the Attorney General added a claim addressing the City's failure to adopt a compliant sixth-cycle housing element; a motion to amend the complaint is pending."); *see also* State Defendants' RJN, ECF 45, p. 2, lines 1-5 ("On April 10, 2023… HCD and the Attorney General of California moved to amend their Petition and Complaint, adding a claim addressing the City's failure to adopt a complaint sixth-cycle housing element.").

A glance at Exhibit 4 confirms that the proposed First Amended Petition and Complaint was filed on April 10. Though partially overwritten by this Court's own electronic stamp, the Orange County Superior Court's electronic stamp is legible at the top of the cover page of the Declaration of Thomas P. Kinzinger, confirming that document was filed on "04/10/2023 02:06:00 PM." And, as stated in the Declaration itself, a true and correct copy of the proposed amended pleading was attached as Exhibit A to that Declaration, and it is included for this Court as part of Exhibit 4 to the State Defendants' RJN. Thus, the proposed amended complaint is a court record subject to judicial notice. Federal Rule of Evidence 201(b); *Harris*, 682 F.3d at 1131-32 (internal citations omitted). And even if no electronic stamping

1  were visible, this Court could "readily determine" this document was filed on April
2  10 by viewing the Orange County Superior Court's public docket.
3      In any event, the State Defendants' Motion to Amend was granted, and the
4  First Amended Petition and Complaint filed, on June 9. *See People of California ex*
5  *rel. Rob Bonta et al. v. City of Huntington Beach*, Orange County Superior Court
6  Case No. 30-2023-01312235. This Court can also readily determine this fact by
7  viewing the Orange County Superior Court's public docket. Assuming Plaintiffs
8  intended to oppose this Court's judicial notice of Exhibit 4, such opposition has no
9  merit.
10      For the foregoing reasons, the State Defendants respectfully request that this
11  Court grant the State Defendants' Request for Judicial Notice in its entirety, and
12  take judicial notice of each and every exhibit included therein.
13
14  Dated: June 22, 2023                            Respectfully submitted,
15                                                                   ROB BONTA
                                                                   Attorney General of California
16                                                                     DANIEL A. OLIVAS
                                                                   Senior Assistant Attorney General
17                                                                     DAVID PAI
                                                                   Supervising Deputy Attorney General
18
19                                                                     */s/ Thomas Kinzinger*
20
                                                                  MATTHEW T. STRUHAR
21                                                                     THOMAS P. KINZINGER
                                                                   Deputy Attorneys General
22                                                                     *Attorneys for State Defendants*
23
24
25
26
27
28