MICHAEL E. GATES, City Attorney (SBN 258446)
NADIN S. SAID, Senior Deputy City Attorney (SBN 309802)
Office of the City Attorney
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
(714) 536-5555
Email: Michael.Gates@surfcity-hb.org
Email: Nadin.Said@surfcity-hb.org

Attorneys for Plaintiffs
CITY OF HUNTINGTON BEACH, HUNTINGTON
BEACH CITY COUNCIL, MAYOR TONY STRICKLAND
and MAYOR PRO TEM GRACEY VAN DER MARK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and individually; GUSTAVO VELASQUEZ in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; STATE LEGISLATURE; STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; SOUTHERN | CASE NO. 8:23-CV-00421-FWD-ADSx<br><br>**HAND-SIGNED SIGNATURE PAGES FOR THE DECLARATIONS OF PLAINTIFFS MAYOR TONY STRICKLAND (DOCKET NO. 50-1) AND MAYOR PRO TEM GRACEY VAN DER MARK (DOCKET NO. 50-2)** |

1

| | |
|---|---|
| 1 | CALIFORNIA ASSOCIATION OF GOVERNMENTS; and |
| 2 | DOES 1-50, inclusive, |
| 3 | Defendants. |
| 4 | |
| 5 | Pursuant to Central District of California Local Rule 5-4.3.4(a)(3), Plaintiffs |
| 6 | hereby provide the attached hand-signed signature pages for the Declarations of |
| 7 | Plaintiffs Mayor Tony Strickland (Docket No. 50-1) and Mayor Pro Tem Gracey |
| 8 | Van Der Mark (Docket No. 50-2). |

Dated:      June 26, 2023         MICHAEL E. GATES, CITY ATTORNEY

By:      /s/ MICHAEL E. GATES
MICHAEL E. GATES, CITY ATTORNEY
Attorney for Plaintiffs,
CITY OF HUNTINGTON BEACH,
HUNTINGTON BEACH CITY COUNCIL,
MAYOR TONY STRICKLAND and
MAYOR PRO TEM GRACEY VAN DER MARK

9. I stated on the record that the March 21, 2023 City Council Meeting, as well as the April 4, 2023 City Council Meeting that I could not in good conscience support the SOC (Exhibit A) and the endorsement of the 13,368 high-density RHNA Units in the City because it goes against everything I stand for. Since I could not make accept the contents of the SOC, and I would not acknowledge that the 'the benefits of the proposed 13,368 units of high-density RHNA housing outweighed the significant and unavoidable impacts to the City's environment,' my fellow Council Members and I could not certify the proposed Housing Element because accepting and adopting the SOC is a prerequisite to certifying the Housing Element.

10. In direct response to not certifying the Housing Element because I could not make the State-mandated findings required by the State's CEQA and the State Housing and RHNA Laws, I am informed and believe the State is attempting to amend its lawsuit on June 8, 2023 against the City in Case No. 30-2023-01312235 to reflect the essence of the same legal challenges the City has already presented to this Court by its March 9, 2023 lawsuit.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

Executed this 2nd of June, at Huntington Beach, California.

_____
TONY STRICKLAND,
MAYOR OF HUNTINGTON BEACH

(which is what CEQA requires, and the RHNA Laws require), the State is forcing my speech. Council Members, like myself, are being forced to agree that these mandates and mandated high-density housing projects are more important, or provide such a benefit to the City, than the known significant and unavoidable negative impacts to the City's environment.

16. I stated on the record that the March 21, 2023 City Council Meeting, as well as the April 4, 2023 City Council Meeting that I could not in good conscience support the SOC (Exhibit 10) and the endorsement of the 13,368 high-density RHNA Units in the City because it goes against everything I stand for.  Since I could not make accept the contents of the SOC, and I would not say what I was *being required to say*, i.e., that the 'the benefits of the proposed 13,368 units of high-density RHNA housing outweigh the significant and unavoidable impacts to the City's environment,' my fellow Council Members and I could not certify the proposed Housing Element because accepting and adopting the SOC is a prerequisite to certifying the Housing Element.  Being asked to say something I do not believe is essentially the State-law forcing or compelling my speech.

17. In direct response to not certifying the Housing Element because I could not make the State-mandated findings required by the State's CEQA and the State Housing and RHNA Laws, I am informed and believe the State is attempting to amend its lawsuit on June 8, 2023 against the City in Case No. 30-2023-01312235 to reflect the essence of the same legal challenges the City has already presented to this Court by its March 9, 2023 lawsuit.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 2nd of June, at Huntington Beach, California.

_____
GRACEY VAN DER MARK,
MAYOR PRO TEM OF HUNTINGTON BEACH