MICHAEL E. GATES, City Attorney (SBN 258446)
NADIN S. SAID, Senior Deputy City Attorney (SBN 309802)
Office of the City Attorney
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
(714) 536-5555
Email:  Michael.Gates@surfcity-hb.org
Email:  Nadin.Said@surfcity-hb.org

Attorneys for Plaintiffs
CITY OF HUNTINGTON BEACH, HUNTINGTON
BEACH CITY COUNCIL, MAYOR TONY STRICKLAND
and MAYOR PRO TEM GRACEY VAN DER MARK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation, the HUNTINGTON BEACH CITY COUNCIL, MAYOR OF HUNTINGTON BEACH, TONY STRICKLAND, and MAYOR PRO TEM OF HUNTINGTON BEACH, GRACEY VAN DER MARK<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California, and individually; GUSTAVO VELASQUEZ in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; STATE LEGISLATURE; STATE OF CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; SOUTHERN | CASE NO. 8:23-CV-00421-FWD-ADSx<br><br>**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF <u>COURT ORDER IMPOSING A STAY IN STATE COURT ACTION IN FAVOR OF THIS FEDERAL LAWSUIT</u> IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |

| | |
|---|---|
| 1<br>2<br>3<br>4 | CALIFORNIA ASSOCIATION OF GOVERNMENTS; and<br>DOES 1-50, inclusive,<br>    Defendants. |

Plaintiffs respectfully request this Honorable Court take Judicial Notice of the following document based on Federal Rules of Evidence 201(b). FRCE 201(b) allows judicial notice of records that are not subject to reasonable dispute because it is within the trial court's territorial jurisdiction, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Courts may take judicial notice of facts outside the pleadings on a motion to dismiss. (*Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991)). Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. A court may judicially notice 'matters of public record outside the pleadings.'" (See *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988)).

In addition, the Ninth Circuit has held that a court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue. (*Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking notice of briefs and court orders from a state court proceeding). Because the Motion to dismiss discussed abstention, and discussed a pending lawsuit before a State Superior Court, the Plaintiffs respectfully request similar documents to be judicially noticed as follows, as it is relevant to the issues on the pending Motion to Dismiss.

1. **Exhibit 11**, a true and correct copy of a Minute Order from the San Diego Superior Court dated November 2, 2023 with regard to *The People of California Ex Rel Rob Bonta vs. The City of Huntington*

*Beach, et al.*, Case No.: 30-2023-01312235-CU-WM-CJC, ordering the State Court action STAYED until a final judgment is rendered in this Federal action.

Dated: November 3, 2023      MICHAEL E. GATES, CITY ATTORNEY

By: _____*/s/  MICHAEL E. GATES*_____
MICHAEL E. GATES, CITY ATTORNEY
Attorney for Plaintiffs,
CITY OF HUNTINGTON BEACH,
HUNTINGTON BEACH CITY COUNCIL,
MAYOR TONY STRICKLAND and
MAYOR PRO TEM GRACEY VAN DER MARK

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 11/02/2023                TIME: 03:43:00 PM        DEPT: C-69
JUDICIAL OFFICER PRESIDING: Katherine Bacal
CLERK: Calvin Beutler
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2023-01312235-CU-WM-CJC** CASE INIT.DATE: 03/08/2023
CASE TITLE: **The People of California Ex Rel Rob Bonta vs. The City of Huntington Beach [IMAGED]**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Writ of Mandate

**APPEARANCES**

The Court, having taken the above-entitled matter under submission on 10/20/2023 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Defendants' motion to stay the entire action pending conclusion of the related federal matter is **GRANTED** without prejudice. If the federal court issues a decision that provides justification for lifting the stay before final judgment, the parties may appear ex parte or file a stipulation requesting the stay to be lifted.

**Preliminary Matters**

Petitioners/plaintiffs the People of California ex rel. Rob Bonta and the California Department of Housing and Community Development (collectively, the "People") request judicial notice of 12 documents and three facts in support of its opposition to the motion to stay. ROA # 82. The Court grants the People's request. Evid. Code § 452(c), (h).

The matter was set for hearing on October 20, 2023, and the Court heard oral arguments on the motion to stay as well as the motion to intervene by The Kennedy Commission ("Commission"). ROA # 197.

Although it initially appeared that defendants/respondents the City of Huntington Beach, City Council of Huntington Beach and Al Zelinka (collectively, "defendants") had not filed a reply brief, at oral argument defendants confirmed that the reply was filed in July 2023, when the matter was pending before the Orange County Superior Court. See ROA # 91. The Court was then provided a courtesy copy.

Also at the hearing, The Kennedy Commission stated it briefed the issue of preference in the motion for temporary relief and preliminary injunction. See ROA # 166.

After hearing oral argument from all parties, the Court took the matter under submission to consider the reply and other papers as well as the arguments of counsel.

Case 8:23-cv-00421-FWS-ADS   Document 71   Filed 11/03/23   Page 5 of 6   Page ID #:1327

CASE TITLE: The People of California Ex Rel Rob Bonta vs. The City of Huntington Beach [IMAGED]    CASE NO: **30-2023-01312235-CU-WM-CJC**

## Background

The operative first amended petition for writ of mandate and complaint seeks (1) a writ of mandate under CCP section 1085 and (2) declaratory and injunctive relief.  ROA # 58.

## Discussion

Defendants move to stay this entire action pending conclusion of a related federal action (*City of Huntington Beach and Huntington Beach City Council v. Gavin Newsom,* Civil Action No. 8:23-CV-00421), filed in the U.S. District Court, Central District of California.  ROA # 50.  The People oppose.  ROA # 83.  The Commission joins the People's opposition.  ROA # 164.

As a general matter, a court has inherent power to stay proceedings "when such a stay will accommodate the ends of justice*."  OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 141 (citation omitted).  Additionally, when a federal action "has been filed covering the same subject matter as is involved in a California action, the California court has the discretion but not the obligation to stay the state court action."  *Caiafa Professional Law Corp. v. State Farm Fire & Casualty Co.* (1993) 15 Cal.App.4th 800, 804.

The People argue that this action is entitled to preference under Government Code section 65752, and thus should not be stayed.  Defendants respond that Government Code section 65752 does not apply and so preference is not warranted.

Under section 65752, all actions to challenge a plan via writ of mandate are to be given preference over all other civil actions.  Gov. Code § 65752.  However, the Government Code also says that the local planning chapter "shall not apply to a charter city, except to the extent that the same may be adopted by charter or ordinance of the city and except that charter cities shall adopt general plans in any case."  Gov. Code § 65700(a).

Here, there is no dispute that the City of Huntington Beach is a charter city.  Defendants also argue, and the People do not dispute, that the City has not adopted anything to fall within an exception.  Consequently, the statute requiring preference for actions challenging certain planning and land use decisions, Gov. Code § 65752, does not apply to the City.

At the hearing, the People argued that notwithstanding the statutory exemption, this action is entitled to preference, citing *Garat v. City of Riverside* (1991) 2 Cal.App.4th 259.  However *Garat* was published in 1991; Government Code section 65700 was enacted decades later, in 2019.  The People do not adequately explain why the Court should rely on *Garat* in light of contrary legislation.  Accordingly, the People have not persuasively shown that this action is entitled to preference under Government Code section 65752.

The People also argue that this case involves a state civil enforcement action, such that *Younger* abstention will best further comity between the state and federal courts.  Opp. at 14-15, citing *Younger v. Harris* (1971) 401 U.S. 37.  Defendants disagree.  Reply at 10-11.

At the hearing, counsel for defendants further emphasized that here, although the case in this Court currently involves a civil enforcement action, there is no doubt that if this matter is not stayed, they will file a cross-complaint to allege federal causes of action.  This further supports a stay for judicial

Case 8:23-cv-00421-FWS-ADS   Document 71   Filed 11/03/23   Page 6 of 6   Page ID #:1328

CASE TITLE: The People of California Ex Rel Rob Bonta vs. The City of Huntington Beach [IMAGED]

CASE NO: **30-2023-01312235-CU-WM-CJC**

efficiency.

Lastly, the Court notes the Commission has raised an independent state law cause of action that the Commission states could only be addressed in this Court. This, however, does not tip the balance to warrant denying the motion.

With the foregoing considerations in mind, the Court exercises its discretion to stay the proceedings in this state court action.

**Conclusion**

For the reasons stated, defendants' motion to stay proceedings is **GRANTED**. The proceedings in this action are stayed until a final judgment is rendered in the related federal matter, *City of Huntington Beach and Huntington Beach City Council v. Gavin Newsom*, Civil Action No. 8:23-CV-00421.

In light of this ruling, all other pending motion hearing dates are vacated.

The Court intends to discuss scheduling a status conference for tracking purposes.

The minute order is the order of the Court.

The Clerk to serve notice.

**IT IS SO ORDERED.**

_____
Judge Katherine Bacal