_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00421-FWS-ADS                               Date: November 13, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                         Attorneys Present for Defendants:

Not Present                                                               Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [44], [45]**

    Before the court are two motions to dismiss: (1) a motion to dismiss filed by Defendant Southern California Association of Governments ("Defendant Southern California Association") (Dkt. 44); and (2) a motion to dismiss filed by Defendants Gavin Newsom, in his official capacity as Governor of the State of California, and individually; Gustavo Velasquez, in his official capacity as Director of the State of California Department of Housing and Community Development, and individually; and the California Department of Housing and Community Development (collectively, "State Defendants") (Dkt. 45).[1]  The State Defendants' Motion is supported by a request for judicial notice and exhibits thereto.  (Dkt. 45-1.)

    On June 6, 2023, Plaintiffs City of Huntington Beach, Tony Strickland, the Huntington Beach City Council, and Gracey Van Der Mark (collectively, "Plaintiffs") filed an opposition to both Motions ("Opposition" or "Opp.").  (Dkt. 50.)  Plaintiffs' Opposition is supported by the declarations of Mayor Tony Strickland ("Strickland Decl."), Mayor Pro Tem Gracey Van der Mark ("Van der Mark Decl."), exhibits attached thereto, and a request for judicial notice.  (Dkts. 50-1; 50-2; and 51.)  On the same day, Plaintiffs also opposed the State Defendants' request for judicial notice.  (Dkt. 52.)  On June 22, 2023, Defendant Southern California Association and the State Defendants filed replies.  (Dkts. 59, 61.)  On the same day, Defendant

---

[1] The two motions to dismiss will be referred to collectively as the "Motions."

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS              Date: November 13, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

___

Southern California Association and the State Defendants filed objections to the declarations submitted by Plaintiffs in support of the Opposition. (Dkts. 60, 62.) On June 22, 2023, the State Defendants filed a reply to Plaintiffs' opposition to the State Defendants' request for judicial notice. (Dkt. 63.) On June 26, 2023, Plaintiffs filed the signature pages for the declarations of Mayor Tony Strickland and Mayor Pro Tem Gracey Van der Mark. (Dkt. 64.) On July 25, 2023, the court took the matters under submission. (Dkt. 66.) After the matters were taken under submission, Plaintiffs filed a supplemental request for judicial notice. (Dkt. 71.) Based on the state of the record, as applied to the applicable law, the Motions are **GRANTED**.[2]

## I. Legal Standards

### a. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of

___

[2] The parties request that the court take judicial notice of various exhibits regarding parallel state proceedings, the City of Huntington Beach's charter, and the implementation of the RHNA Laws. (Dkts. 45-1, 50-1, 51, 71.) The parties have also filed objections to each other's requests for judicial notice. (Dkts. 52, 60, 62, 63.) The court **DENIES** the parties' requests for judicial notice and **DENIES AS MOOT** the parties' respective objections because the court finds these materials are not relevant to deciding the Motions. *See Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018) (declining to take judicial notice of documents that "do not provide any additional relevant information, even if they would otherwise be the proper subject of judicial notice") (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

the United States' and is 'inflexible and without exception.'") (citation and internal quotation marks omitted).

Under Rule 12(b)(1), a defendant's challenge to subject matter jurisdiction may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). By contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside of the pleadings." *Id*.

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citation omitted). The court need not presume the truthfulness of the plaintiff's allegations. *Id*. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citation omitted). Where "the jurisdictional disputes [are] not intertwined with the merits of the claim" and "the existence of jurisdiction turn[s] on disputed factual issues," the court may "resolve those factual disputes" where necessary. *See Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021) (citation and internal quotation marks omitted); *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

### b. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing Starr, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

---

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

---

Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

**II.    Summary of Allegations in the First Amended Complaint**

This action concerns the enforcement of California's Housing Accountability Act, Cal. Gov. Code § 65585, *et seq*. and its provisions mandating building new housing units. (*See generally* Dkt. 38 ("FAC").)  In sum, Plaintiffs seek declaratory and injunctive relief to invalidate and prevent the enforcement of the State of California's Regional Housing Needs Allocation Laws ("RHNA Laws"), Cal. Gov. Code Sections 65583, *et seq*. (*Id*.)  Plaintiffs allege the State of California passed SB 1333 in 2018, which requires charter cities to comply with planning and land use laws in a manner violative of the California Constitution. (*Id.* ¶ 3.) Plaintiffs allege SB 1333 deprives charter cities like the City of Huntington Beach of their historical authority to control municipal affairs. (*Id*.)

Per the RHNA Laws, each city and county must adopt a "Housing Element" that demonstrates how the jurisdiction will accommodate its assigned RHNA units through its current zoning or potential rezoning program. (*Id.* ¶ 74.)  If a local government fails to submit a compliant Housing Element within the required timeframe or is found to be noncompliant with its RHNA requirements, it can face penalties, including being subject to a shortened housing element review cycle, losing the ability to disapprove housing development projects, and losing eligibility for certain state or federal grant funds. (*Id.* ¶ 79.)

Plaintiffs allege Defendants determined in 2021 that the City of Huntington Beach must rezone property to permit the development of 13,368 units of high-density RHNA Units, with

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

little or no ability for the City of Huntington Beach to control the development of the units. (*Id.* ¶ 19.) Although the City of Huntington Beach appealed the RHNA determination to Defendant Southern California Association of Governments, this appeal was unsuccessful. (*Id.* ¶ 120.)

Plaintiffs allege the RHNA Laws impede the City of Huntington Beach's independent legislative authority, do not allow for judicial review, are vague and ambiguous, and rely on a flawed process. (*Id.* ¶¶ 21, 22.) Plaintiffs allege building 13,368 units of new housing during the current planning cycle would double the size of the City of Huntington Beach, making it impossible for the City of Huntington Beach to provide municipal services. (*Id.* ¶ 28.) Plaintiffs further allege Defendants will punish the City of Huntington Beach if it does not zone for 13,368 new units of housing. (*Id.* ¶ 29.) Finally, Plaintiffs allege Defendants will compel the City Council to make statements that it does not approve of, such as that "the benefits of the proposed high-density housing outweigh the negative impacts on the City's environment." (*Id.* ¶ 17.)

Based on these allegations, Plaintiffs assert eleven causes of action against Defendants: (1) compelled speech in violation of the First Amendment; (2) violation of the Fourteenth Amendment right to procedural due process; (3) violation of the Fourteenth Amendment right to substantive due process; (4) violation of the Commerce Clause; (5) violation of Article XI of the California Constitution; (6) violation of California Government Code §§ 65583 *et. seq.*; (7) violation of the California Constitution's separation of powers; (8) an illegal bill of attainder in violation of the California Constitution; (9) violation of the California Environmental Quality Act, Public Resources Code §§ 21000 *et. seq.*; (10) violation of Article IV, Section 16 of the California Constitution; and (11) fraud. (FAC ¶¶ 121-241.) Each cause of action is asserted against each Defendant. (*Id.*)

## III. Discussion

### a. Plaintiffs Lack Standing to Assert their Federal Constitutional Claims

As a threshold matter, Defendants argue Plaintiffs lack Article III standing to challenge the RHNA Laws on constitutional grounds because cities, as political subdivisions of the state,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

cannot assert violations of constitutional rights against the state. (Dkt. 44 at 5-8; Dkt. 45 at 9-11.) Plaintiffs Mayor Tony Strickland, Mayor Pro Tem Gracey Van der Mark, and the Huntington Beach City Council argue they have Article III standing because "[e]very individual is protected by the U.S. Constitution to his or her free speech" and are "elected by the people of the City pursuant to the City's Charter." (Dkt. 50 at 13-15.) Plaintiff the City of Huntington Beach argues it also has Article III standing to challenge the constitutionality of the RHNA Laws because a chartered city, unlike a general law city, is not a political subdivision of the state. (*Id.* at 15-19.)

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citation omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).

The court is mindful that "[c]onstitutional challenges based on the First Amendment present unique standing considerations." *Ariz. Right to Life Pol. Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). As such, "the Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences." *Id.* (citing *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) and *Bland v. Fessler*, 88 F.3d 729, 736-37 (9th Cir. 1996)). However, a "chilling of First Amendment rights can constitute a cognizable injury" only "so long as the chilling effect is not based on a fear of future injury that itself is too speculative to confer standing." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 826 (9th Cir. 2020) (cleaned up).

Yet, in *City of S. Lake Tahoe v. California Tahoe Reg'l Plan. Agency*, 625 F.2d 231 (9th Cir. 1980), the Ninth Circuit squarely addressed the question of whether political subdivisions

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

___

of a state may challenge the validity of a state statute on constitutional grounds. Per *City of S. Lake Tahoe*, "[i]t is well established that political subdivisions of a state may not challenge the validity of a state statute under the Fourteenth Amendment." *Id.* at 233 (citations and internal quotation marks omitted). "This is true whether the defendant is the state itself or another of the state's political subdivisions." *Id.* Lack of standing similarly bars constitutional challenges asserted by public officials tasked with enforcing allegedly unconstitutional state laws. In *City of S. Lake Tahoe*, the Ninth Circuit held that public officials who wish not to enforce a statute due to "private constitutional predilections" lack standing to assert constitutional claims for the following reasons:

> [C]onstitutional principle divorced from concrete injury may suffice to generate a spirited legislative or public debate, but will not support a federal case. This is not to denigrate constitutional principle, nor to urge upon public officials the violation of their consciences. But the difficulty with abstract constitutional grievances is that they lack the specificity and adversarial coloration that transmute vague notions of constitutional principle into a form historically viewed as capable of judicial resolution . . . *To confer standing on public officials because they wish not to enforce a statute due to private constitutional predilections, or because their decision not to enforce the statute may result in criminal liability, would convert all officials charged with executing statutes into potential litigants, or attorneys general, as to laws within their charge* . . . We hold, therefore, that the councilmembers' interest here is official rather than personal . . . the councilmembers' claim to standing is deficient.

*Id.* at 238 (emphasis added).

Subsequent Ninth Circuit decisions have affirmed and extended the holding of *City of S. Lake Tahoe*. In *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998), the Ninth Circuit clarified that Supremacy Clause challenges brought by a political subdivision of a state are similarly barred. *See id.* at 1364 ("This court, however, has not recognized any exception to the per se rule, and the broad language of *South Lake Tahoe* appears to foreclose the possibility of our doing so . . . Indeed, the complaint in *South Lake*

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS            Date: November 13, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*
_____

*Tahoe* included a Supremacy Clause claim, as well as violations of the Fifth and Fourteenth Amendments . . . . Accordingly, we must reject the contention that we should create such an exception at this point."). In *City of Burbank*, the Ninth Circuit further clarified that whether a city is a charter city or general law city has no bearing on the question of standing. *Id.* at 1364 (rejecting the argument that "Burbank is a charter city, rather than a general law city, it is not a political subdivision of the state for purposes of its ability to challenge a state statute" because "charter cities in California generally are defined as political subdivisions along with other governmental entities").

In addition to *City of Burbank*, the Ninth Circuit has repeatedly reaffirmed the holding of *City of S. Lake Tahoe* in various contexts, including suits brought by school districts and suits asserting constitutional challenges to state regulations and administrative divisions. *See Palomar Pomerado Health Sys. v. Belshe*, 180 F.3d 1104, 1108 (9th Cir. 1999) ("Palomar Pomerado is a political subdivision of the State of California. As such, it lacks standing to bring an action against the state in federal court—at least to the extent that its action challenges the validity of state regulations on due process and Supremacy Clause grounds."); *City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1281 (9th Cir. 2019) ("We reject the proposition that *South Lake Tahoe* bars only facial challenges to a statute or regulation. *South Lake Tahoe* and our later cases do not suggest that the standing analysis was dependent on a facial challenge to a statute or regulation rather than an administrative decision."); *Okanogan Sch. Dist. #105 v. Superintendent of Pub. Instruction for State of Wash.*, 291 F.3d 1161, 1163 (9th Cir. 2002) ("We agree that the school districts lack standing under *City of South Lake Tahoe* . . . . School districts are a political subdivision of the state, and political subdivisions of a state may not challenge the validity of a state statute in federal court.").

The Ninth Circuit has also made clear that an action against a state official seeking to restrain state action should be construed as an action against the state. *See Palomar*, 180 F.3d at 1108 ("Here, the purpose of the injunction and other orders [plaintiff] seeks is to restrain the Government from reducing the Medi–Cal payment rates . . . . The result [plaintiff] seeks would interfere with the public administration. As such, [plaintiff's] action falls under the category of actions against state officials that are in fact actions against the state.") (internal quotation

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |

Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

___

marks omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) ("[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.") (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).

In this case, although Plaintiffs maintain they each have standing to bring federal constitutional claims challenging the RHNA Laws, the court finds each group of Plaintiffs lacks standing based on Ninth Circuit precedent.

First, as to the standing of Plaintiff Mayor Tony Strickland, Plaintiff Mayor Pro Tem Gracey Van Der Mark, and Plaintiff City Council, these Plaintiffs argue they have standing because they are being forced to make statements in favor of implementing the RHNA Laws. (Dkt. 50 at 13-15.)  Specifically, Plaintiff Strickland argues his First Amendment rights are being violated because "the RHNA Laws process forc[e] him, through essentially State-compelled speech, to make Statements of Overriding Considerations in favor of implementing the State-mandated 13,368 high-density RHNA Units of housing in the City against his will and over his objections." (*Id*. at 13-14.)  Plaintiff Van Der Mark and Plaintiff City Council raise the same argument.  (*Id*. at 14-15.)

The court finds these arguments are squarely precluded by *City of S. Lake Tahoe* and its progeny.  Under this line of authority, public officials lack standing to assert constitutional claims that seek to redress "private constitutional predilections."  625 F.2d at 238 ("To confer standing on public officials because they wish not to enforce a statute due to private constitutional predilections, or because their decision not to enforce the statute may result in criminal liability, would convert all officials charged with executing statutes into potential litigants, or attorneys general, as to laws within their charge.")  Accordingly, Plaintiff Strickland, Plaintiff Van der Mark, and Plaintiff City Council's arguments that they are being forced to implement the RHNA Laws over their personal objections are insufficient to confer standing.

Similarly, this precedent precludes political subdivisions of a state like Plaintiff City of Huntington Beach from asserting constitutional challenges to the validity of a state law in

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

federal court.  *See City of S. Lake Tahoe*, 625 F.2d at 233 ("It is well established that political subdivisions of a state may not challenge the validity of a state statute under the Fourteenth Amendment."); *City of Burbank*, 136 F.3d at 1364 ("This court, however, has not recognized any exception to the per se rule, and the broad language of *South Lake Tahoe* appears to foreclose the possibility of our doing so . . . . Indeed, the complaint in *South Lake Tahoe* included a Supremacy Clause claim, as well as violations of the Fifth and Fourteenth Amendments . . . ."); *Palomar*, 180 F.3d at 1108 ("Palomar Pomerado is a political subdivision of the State of California.  As such, it lacks standing to bring an action against the state in federal court—at least to the extent that its action challenges the validity of state regulations on due process and Supremacy Clause grounds."); *Okanogan Sch. Dist. #105*, 291 F.3d at 1163 ("We agree that the school districts lack standing under *City of South Lake Tahoe* . . . . [s]chool districts are a political subdivision of the state, and political subdivisions of a state may not challenge the validity of a state statute in federal court.").

Nor is the standing analysis any different for a charter city as opposed to a general law city.  Although Plaintiff City of Huntington Beach argues it is not a political subdivision of the state because it is a municipal corporation and charter city rather than a general law city, (Dkt. 50 at 16-19), the Ninth Circuit has previously considered and rejected this argument.  As noted, in *City of Burbank*, the Ninth Circuit held that whether a city is a charter city or general law city has no bearing on the question of federal standing.  136 F.3d at 1364.  Specifically, the Ninth Circuit held that a California charter city still lacks standing because they "are defined as political subdivisions along with other governmental entities."  *Id.*; *see also Reynolds v. Sims*, 377 U.S. 533, 575 (1964) ("Political subdivisions of States—counties, cities, or whatever—never were and never have been considered as sovereign entities.  Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.").  Accordingly, the court concludes that Plaintiff City of Huntington Beach lacks standing to bring federal constitutional claims challenging the RHNA Laws.[3]

___

[3] Plaintiffs point to various cases in support of their position that the City of Huntington Beach should not be considered a political subdivision of the state.  (*See* Dkt. 50 at 15-16, 18-19 (citing to *Mitchell v. L.A. Cmty. Col. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), *Eason v. Clark*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS                                   Date: November 13, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

___

In summary, per Ninth Circuit precedent, all Plaintiffs lack Article III standing to challenge the RHNA Laws on constitutional grounds. Accordingly, Plaintiffs lack standing to assert their first four claims against Defendants for First Amendment violations, Fourteenth Amendment procedural due process violations, Fourteenth Amendment substantive due process violations, and Commerce Clause violation and the Motions are **GRANTED** as to the first, second, third, and fourth causes of action.[4]

### b. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiffs' Remaining State Law Claims

Plaintiffs' remaining claims assert violations of the California Constitution, the California Government Code, and the California Environmental Quality Act, as well as a fraud claim under California law. (FAC ¶¶ 168-241.) In summary, in the absence of the federal claims in this matter, Plaintiffs' only remaining claims are alleged under California law. (*Id.*)

The court observes Plaintiffs' remaining claims do not raise federal questions because they assert violations of California law. (*Id.*) Additionally, Plaintiffs' claims are asserted

___

*Cnty. Sch. Dist.*, 303 F.3d 1137, 1144 (9th Cir. 2002), and *Haytasingh v. City of San Diego*, 66 Cal. App. 5th 429, 436 (2021).) The court finds these cases are inapposite because they concern Eleventh Amendment immunity or interpretations of state laws that are not at issue here.
[4] Plaintiffs argue their claims should be permitted to proceed under *Ex Parte Young*, 209 U.S. 123 (1908). (Dkt. 50 at 19-21.) However, contrary to Plaintiffs' arguments, "*Young* does not provide [a plaintiff] with standing to sue in federal court." *Palomar*, 180 F.3d at 1108. Instead, "*Young* only provides 'a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities.'" *Palomar*, 180 F.3d at 1108 (quoting *Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999)). Accordingly, the court concludes Plaintiffs' arguments regarding *Ex Parte Young*'s applicability to this action does not address the standing and jurisdictional issues identified above.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

between non-diverse parties. (*Id.* ¶¶ 43-50.) As such, the only remaining hook for the court's jurisdiction over these claims is the supplemental jurisdiction statute, 28 U.S.C. § 1367.

The court finds at least three reasons militate towards declining supplemental jurisdiction over Plaintiffs' state law claims. First, this case "raises [] novel or complex issue[s] of State law." *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim raises a novel or complex issue of State law.") More specifically, Plaintiffs ask the court to determine in the first instance whether recently enacted California statutes violate various provisions of the California Constitution and state statutes. (*See generally* FAC.)

Second, the "court has dismissed all claims over which it has original jurisdiction" on the basis of a lack of Article III standing. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute*).

Third and finally, the court finds adjudicating the constitutionality of a California statute under the California Constitution, in the absence of a viable federal claim, constitutes "compelling reasons" in "exceptional circumstances" to decline exercising supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction."); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 174 (1997) (listing as "exceptional circumstances" warranting declining federal jurisdiction "considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration") (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00421-FWS-ADS　　　　　　　　　　　　　Date: November 13, 2023
Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.*

___

Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and **DISMISSES** the fifth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action. *See Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."); *O'Brien v. Maui Cnty*., 37 F. App'x 269, 273 (9th Cir. 2002) ("Under 28 U.S.C. § 1367(c)(3), a district court may, in its discretion, decline to exercise supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction.") (internal quotation marks omitted).

## IV.　Leave to Amend

"A party may amend its pleading once as a matter of course within: [(1)] 21 days after serving it, or [(2)] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases," pleadings may only be amended with the opposing party's written consent or the court's leave, the latter of which is "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

At this juncture, the court has dismissed Plaintiffs' federal claims for lack of Article III standing, leaving only those claims asserted under California law. The court finds amendment of the federal constitutional claims would be futile under Ninth Circuit precedent, including *City of S. Lake Tahoe* and its progeny. In the absence of the federal constitutional claims, only

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00421-FWS-ADS | Date: November 13, 2023 |
| Title: City of Huntington Beach *et al.* v. Gavin Newsom *et al.* | |

Plaintiffs' claims under state law remain. Accordingly, the court finds the FAC's allegations dismissed by this Order are futile at this stage and **DENIES** Plaintiffs leave to amend. *See Kroessler*, 977 F.3d at 814-15 (holding that amendment may be futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend").

**V.   Disposition**

For the reasons set forth above, the Motions are **GRANTED**. The Clerk of Court is directed to **CLOSE** the matter.

Initials of Deputy Clerk:  mku